EXHIBIT 4

**O'HAGAN MEYER, LLC**
SAMUEL Y. EDGERTON, III (CA Bar No. 127156)
sedgerton@ohaganmeyer.com
JOHNNY L. ANTWILER (CA Bar No. 288772)
jantwiler@ohaganmeyer.com
4695 MacArthur Court, Suite 210
Newport Beach, California 92660
Tel: (949) 942-8500 | Fax: (949) 942-8510

Attorneys for Defendants Cultivation Technologies, Inc., Justin Beck,
Robert Kamm, Robert Bernheimer, Irving Einhorn, and Miguel Motta

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| MOBILE FARMING SYSTEMS, INC., et al. | Case No.: 30-2019-01046904-CU-BT-CJC |
| Plaintiffs, | **DECLARATION OF ALAN SHINDERMAN** |
| v. | |
| RICHARD JOSEPH PROBST, et al. | Assigned for All Purposes to Honorable James L. Crandall Dept. C33 |
| Defendants, | |
| -and- | Complaint Filed: January 29, 2019 Trial Date: None Set |
| CULTIVATION TECHNOLOGIES, INC., | |
| Nominal Defendant. | |

- 1 -

DECLARATION OF ALAN SHINDERMAN

Ex Parte Application for Protective Order

Back to Superior Court of California County of Orange
ADA Complaint Exhibits 055
Exhibit #4: 001

ocument received by the CA 4th District Court of Appeal Division 3.

I, Alan Shinderman, declare:

1.     I am over the age of 18, and I currently reside in Las Vegas, Nevada. The following facts are personally known to me and if called upon as a witness, I can and will competently testify thereto.

2.     I have been the president and sole owner of Quicksilver Stock Transfer, LLC, a Nevada limited liability company, ("Quicksilver") since 2008.

3.     Quicksilver is headquartered in Las Vegas, Nevada.

4.     Quicksilver has been registered as a transfer agent with the United States Securities and Exchange Commission since August 8, 2007.

5.     Since July 2015, Quicksilver has acted as the transfer agent for Cultivation Technologies, Inc. ("CTI"). On or around July 22, 2015, CTI retained Quicksilver pursuant to a Client Securities Agreement ("Agreement"). Attached as **"Exhibit 1"** is a true and correct copy of the executed Client Securities Agreement I received from CTI and executed on or around July 22, 2015.

6.     On or around July 22, 2015, the Agreement was executed and delivered to Quicksilver by Richard O'Connor ("O'Connor") in his represented capacity as the Chief Executive Officer of CTI.

7.     As CTI represented that it had not previously engaged a transfer agent, O'Connor agreed to deliver to Quicksilver, among other things, a complete list of issued and outstanding securities of CTI and the capitalization of CTI pursuant to the Agreement. *See* **Ex. 1**, p. 1.

8.     Neither O'Connor nor CTI represented that Mobile Farming Systems, Inc. was a shareholder of CTI. O'Connor never produced or delivered any list of issued and outstanding securities of CTI, and it was represented that CTI had no outstanding shares prior to the initial issuance processed by Quicksilver.

9.     On July 30, 2015, Quicksilver processed the initial issuance of CTI common stock. This initial issuance was referenced as Batch 10645.

10.     The initial issuance of CTI common stock, Batch 10645, consisted of 22 million certificated shares of common stock to eight different shareholders effective as of June 15, 2015, which includes the first ever stock certificate of CTI being issued to Richard O'Connor for 2,500,000 shares, represented by certificate number 1000. The initial issuance was pursuant to the <u>Amended</u>

- 2 -
**DECLARATION OF ALAN SHINDERMAN**
Ex Parte Application for Protective Order

Back to Superior Court of California County of Orange
ADA Complaint Exhibits 066
Exhibit #4: 002

1 | Organizational Acts & Resolutions by the Unanimous Written Consent of Directors of Cultivation

2 | Technologies, Inc., a California Corporation.

3 |      11.    Batch 10645 serves as the initial shareholder register of CTI based solely on

4 | information provided by CTI and O'Connor.

5 |      12.    I have reviewed the register of CTI shareholders from the engagement of Quicksilver in

6 | July 2015 through the date of this declaration, and at no time was Mobile Farming Systems, Inc.

7 | designated a shareholder of CTI.

8 |      I declare under penalty of perjury of the laws of the State of Nevada that the foregoing is true

9 | and correct.

10 |      Executed this 11th day of April 2019 at Las Vegas, Nevada.

Alan Shinderman

**DECLARATION OF ALAN SHINDERMAN**

Ex Parte Application RO Protective Order

Back to Superior Court of California County of Orange
ADA Complaint Exhibits 057
Exhibit #4: 003

ocument received by the CA 4th District Court of Appeal Division 3.



# CLIENT SECURITIES AGREEMENT

This Transfer Agent Agreement ("Agreement") is made and entered into as of the date set forth herein below by and between ___Cultivation Technologies, Inc.___ the Appointing Company, herein also referred to as ("Issuer"). **CUSIP Number:** _____,
**TAX ID#**_47-3677191___ and Quicksilver Stock Transfer, a Nevada Corporation. Herein also referred to as ("QST") for the considerations named agree to the following:

WHEREAS, QST, is a transfer agent in the business of maintaining Stock ownership and transfer records for companies.

WHEREAS, Issuer wishes to utilize the service of QST as its transfer agent under the term of this agreement as follows.

NOW, THEREFORE, in consideration of the mutual promises herein contained, the parties hereto hereby agree as follows.

**Documents to be filled with appointment if "Issuer" has not had a prior Transfer Agent:**

Documents to be delivered -

The Issuer must provide to QST the following documents, certified as required:

       a.) Filed Stamped copy of Articles of Incorporation including all amendments
       b.) True and correct copy of by-laws as presently in force
       c.) Resolution of Board of Directors appointing Quicksilver Stock Transfer
       d.) Current copy of filed list of Officers, including signatures of officers to be used for the purpose of certificate printing
       e.) Complete list of issued and outstanding securities of the Issuer, Including but not limited to:
            a.  Date of issue, certificate number and share denomination for each outstanding certificate
            b.  Registered owner name, address and taxpayer identification number
            c.  Document certifying that the list is true and correct
            d.  List of shares subject to restrictions conspicuously noticed
            e.  If provided via electronic media, physical copy is also required
       f.) Capitalization history of the company
       g.) Certificate of Secretary
       h.) Stop transfer orders against any certificate due to:
            1.  Loss of certificate
            2.  "Investment Stock"
            3.  "Control Stock"
            4.  Litigation
       i)  Copy of the Federal/State Form D

1980 Festival Plaza Dr., Suite 530 Las Vegas, NV 89135

Page 1 of 12

ocument received by the CA 4th District Court of Appeal Division 3.



## Documents to be filed with appointment if "Issuer" has a Transfer Agent:

**Documents to be delivered**

The Issuer must provide to QST the following documents, certified as required:

    a.) Resolution of Board of Directors appointing Quicksilver Stock Transfer

**Recapitalization or Readjustment**

In the event of any recapitalization or readjustment, involving increase or decrease in the number of the shares/ amount which QST as Transfer Agent or registrar is authorized to issue, transfer or register, including shares issued as Stock dividend or any change in the classes of Stock, there shall be filed the following:

    A. A filed Stamped copy of the relative amendment, if necessary, to the Articles of Incorporation
    B. A copy of the authorizing resolution of the Board of Directors and shareholders (if required) of the Issuer, certified as provided in paragraph 7.
    C. An opinion of counsel as to the validity of such recapitalization or readjustment and as to the compliance with federal and state securities laws of any issue of Stock pursuant to such recapitalization or readjustment.

**Change of Officers of an Issuer**

In the event that the Officers of an Issuer change due to death, termination or resignation. The Issuer shall promptly furnish to QST a resolution showing the appointment of the new officers, as well as any resignation letters from the prior Officers.

**Future Amendment of Charter and By-Laws**

The Issuer shall file promptly with QST a filed stamped copy of all amendments to it Articles of Incorporation or By-Laws affected after the date of this agreement within 30 days of the Amendment.

**Instructions from the Appointing Company and Opinion of Counsel**

QST at any time may apply to any Officer of the Issuer for instructions, and may seek advice from the counsel of record of the Issuer or its own legal counsel, at the expense of the Issuer, with respect to any matter relating to the agency. QST shall not be held liable for its actions, and shall be indemnified and held harmless by the Issuer if said actions were performed in good faith in accordance with the instructions from opinion of either counsel. In the event of litigation, QST has the right to obtain their own counsel to review the case and Documentation. QST reserves the right to independent counsel and the Issuer is responsible for any and all fees incurred for consultation and/or representation of independent counsel.

**Signatures**

QST shall be protected and held harmless by the company in action upon or recognizing any paper or document believed by it to be genuine and believed by it to have been signed by the person or persons by

Back to Superior Court of California County of Orange
ADA Complaint Exhibits 059

Ex Parte Application – Protective Order
Exhibit #4: 005

ocument received by the CA 4th District Court of Appeal Division 3.



whom it purports to be signed. It shall also be protected and held harmless by the Issuer in acting upon or recognizing such certificates, which it reasonably believes to bear the genuine or facsimile seal thereof and the genuine counter signature of the Transfer Agent or Registrar of any Co-Transfer Agent or CoRegistrar.

## Successor Transfer Agent

QST may rely on the accuracy of any existing records provided to it by or from any prior transfer agent for the Issuer. Issuer will hold harmless and save QST from any and all liability, cost or expense it may incur for acting in reliance of those or any other records provided to QST.

## Records

QST may retain all records which it deems proper or necessary in connection with its agency during and upon termination of the agency.

## Resignation

QST may resign at any time by giving the written notice of such resignation to the Issuer as its last known address of record on file with QST, and thereupon its duties as Transfer Agent and Registrar shall cease.

## Compensation

QST shall be entitled to reasonable compensation for all services rendered or expenses incurred in connection with this agency. **QST does not offer any credit terms; all transactions are due and payable upon receipt.** QST reserves the right to discontinue processing transactions requested by the company on their behalf should their account status become past due, until satisfactory payment arrangements can be made. QST may, at any time, amend its fees for services with written notice to the Issuer's last known address of record with QST. The current fee schedule in effect is incorporated into this Agreement as Attachment A.

## Non-Responsibility

Anything herein to the contrary notwithstanding, QST shall in no event be held liable for any damage resulting from any action taken, omitted or suffered by it in connection with any of the foregoing agencies, unless resulting from its gross negligence or willful misconduct. In no event shall QST be liable for any consequential or incidental damages of the Issuer.

## Indemnity

Issuer assumes the full responsibility and agrees to indemnify and save harmless QST from and against all liabilities, losses, damages, costs, charges, counsel fees and other expenses of every kind, nature and character, which QST may incur as a result of action as Issuer's Transfer Agent, or as a result of any actions of any predecessor transfer agent.

The responsibility of the Issuer to indemnify, hold harmless and contribute as herein provided is limited to acts, which were conducted by QST in good faith.

1980 Festival Plaza Dr., Suite 530 Las Vegas, NV 89135

Page 3 of 12

ocument received by the CA 4th District Court of Appeal Division 3.



QST may request Issuer to post collateral which is sufficient in the opinion of QST or its counsel to secure this indemnity agreement. QST shall not be under any obligation to prosecute or to defend any action or suit in relation to the Transfer Agent relationship between QST and the Issuer which, in the opinion of QST or its counsel may involve an expense or liability on behalf or against QST, unless the Issuer shall, when such occasion arises, furnish QST with satisfactory security for expense or liability.

Additionally, the Issuer grants QST the following rights and remedies:

1.) Right of contribution to QST by Issuer for amounts paid to third parties, based on an act or acts of QST as the transfer agent for the Issuer.
2.) QST may request opinion of counsel when relative to any matter that may arise in the performance of QST duties as Issuers transfer agent, which opinion shall be at the expense of the Issuer.
3.) A security interest in any books, records or memoranda that are required by QST in defense of any claims, which may arise in the performance of QST's duties as transfer agent.

## Certificates

The Issuer shall furnish QST with a sufficient supply of unissued certificates if requested and from time to time shall renew such supply upon request of QST. Unissued certificates shall be signed by the Officers authorized to sign certificates and shall bear the corporate seal, or shall bear, to the extent permitted by law, the facsimile signature of each officer and or corporate seal.

## Original Issue of Shares of Stock

QST will make original issue of shares of Stock upon the written instruction of any Officer of the Issuer whose name and specimen signature appears of the Certificate of Authority filed with QST. QST shall be furnished with a certificate of the Treasurer or other proper Officer of the Issuer stating that it has received full consideration for the shares which are to be issued and a certified copy of the resolutions authorizing the original issuance of the shares if Stock and authorizing such action by QST. All new issuances will bear restrictive legends in the absence of an opinion of counsel demonstrating compliance with applicable securities laws for the issuance of non-legended shares

## Transfer of Stock

Transfer of shares will be registered and

a.) new certificates issued upon surrender of old certificates properly endorsed for transfer or
b.) uncertificated shares issued upon submission of an Internal Transfer Instruction; with all necessary endorsers' signature guaranteed in such manner and such form as QST may require, by a guarantor reasonably believed to be responsible by QST; accompanied by such assurances as QST shall deem necessary or appropriate to evidence that genuineness and effectiveness of each necessary endorsement; and accompanied by satisfactory transfers. QST may rely upon the Uniform Commercial Code or any other statutes, which complete documentation, in registering transfer without inquiry, or in refusing registration where in its judgment an adverse claim requires such refusal. QST reserves the right at all times to require a medallion signature guarantee.

1980 Festival Plaza Dr., Suite 530 Las Vegas, NV 89135

Page 4 of 12

Back to Superior Court of California County of Orange
ADA Complaint Exhibits 061

ocument received by the CA 4th District Court of Appeal Division 3.



## Withholding

The Issuer shall notify QST of any and all amounts to be withheld from holders subject to withholding by the Internal Revenue Service or other regulatory agencies. The Issuer indemnifies and holds QST harmless against any expenses, losses, claims, damages or liabilities to which QST may become liable by virtue of the Issuer's failure to notify QST of any such withholdings.

## Shareholders lists/reports

QST will furnish a shareholders list or any other reports to the Issuer at any time upon receiving a written request, duly signed by a duly authorized Officer of the Issuer.

## Notice, Proxy Issuance and Tabulation

QST upon receiving written instructions signed by a duly authorized officer of the Issuer, and upon being provided with the sufficient number of proxies prior to the announced record date, will address and mail said proxies to all shareholders as of the given record date. QST shall also, if requested, examine and tabulate said proxies, and report that result of said tabulation to the Issuer provided QST is provided with the necessary signed instructions which will include directions as to the acceptance and rejection of proxies.

## Reliance upon Representation

The Issuer assigns QST and, and in connection with the performance of its duties, QST may rely on any and all representation, warranties or guarantees, statutory or otherwise, made to the Issuer by or on behalf of presenters or endorsers of certificates or instructions or otherwise in connection with the transfer or registration process or the issuance of the Issuer's securities.

## Sole Agent

QST shall act solely as agent for the Issuer under this Agreement and owes no duties hereunder to any other person or entity. QST undertakes to perform its duties and only the duties that are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement against it. Issuer will not contract with any other Transfer Agent to perform, or the Issuer itself performs any issuance, rescission or corporate action on behalf of the Issuer.

## Complete Agreement

This Agreement constitutes the complete, exclusive, and final expression of the agreement between the parties with respect to the subject matter herein, and replaces and supersedes all prior written and oral agreements, discussions, understanding and statements by and between parties hereto. This agreement, or any provision thereof, may only be amended or waived in writing and signed by an authorized person representing both parties.

1980 Festival Plaza Dr., Suite 530 Las Vegas, NV 89135

Page 5 of 12

Back to Superior Court of California County of Orange
ADA Complaint Exhibits 062

ocument received by the CA 4th District Court of Appeal Division 3.



## Termination

This agreement may be terminated by either party upon giving written notice to the other party at its last known address of record, but no termination shall effect the obligation of the Issuer to pay for services rendered prior to the effective date of such termination. QST will surrender to the Issuer or its designee, all records and documents of the Issuer upon receipt of a corporate resolution termination QST dated no earlier than the Close of Business of the date the resolution is received by QST, instructions to facilitate the transfer of books and records and any payment of all fees owed to QST. If less than 10 (ten) days' notice is given, all pending transfer requests will be completed by QST; If more the 10 (ten) days' notice is given, the company may request that any pending transfers be rejected back to the persons who submitted them with instructions to resubmit the transfer to the succeeding Transfer agent. The Issuer herein grants to QST a lien on any and security interest in the books and records of the Issuer which are in possession of QST. In the event of a termination of the Agreement, QST shall be entitle to retain all books and records of the Issuer in its possession until all monies due, including any termination fee, is paid in full.

## Jurisdiction

QST services shall be performed in the State of Nevada; this agreement shall be construed and enforced in accordance with the laws of the State of Nevada and in the executive jurisdiction of the State and Federal courts of Nevada for the resolution of disputes. This agreement shall be binding upon and inure to the benefits of the parties, their transferees, successors, and assignees. In the event any legal action is brought to collect any sums due hereunder, or to enforce any of the provisions of this agreement, the prevailing party shall be entitled to collect such reasonable attorney fees and costs as may be awarded by the court upon any trial or appeal.

IN WITNESS WHEREOF, the parties have executed this agreement on the ___22___ day of ___July___   20 _15_.

BY: Quicksilver Stock Transfer

_____
Signature

___AL  SHNIDER  MAV___
Print Name

___PRESIDENT___
Title

___7/22/15___
Date

BY: Cultivation Technologies, Inc. _____
Appointing Company

_____
Signature

Richard O'Connor
Print Name

CEO
Title

July 22, 2015
Date

1980 Festival Plaza Dr., Suite 530 Las Vegas, NV 89135

Page 6 of 12


ocument received by the CA 4th District Court of Appeal Division 3.



## SIGNATURE PAGE

**(Please sign in the center of the box)**

CEO ~~President~~ Signature

Secretary Signature

1980 Festival Plaza Dr., Suite 530 Las Vegas, NV 89135

Page 7 of 12

Ex Parte Application ISO Protective Order
Exhibit #4: 010

Back to Superior Court of California County of Orange
ADA Complaint Exhibits 064

ocument received by the CA 4th District Court of Appeal Division 3.

# QUICK SILVER
#### STOCK TRANSFER

Please complete all information in case we need to notify your company of any situation or occurrence:

ISSUER NAME: _____ Cultivation Technologies, Inc._____

MAILING ADDRESS: _____ 3 Park Plaza Suite #490, Irvine, CA 92614 _____

CONTACT NAME: _____ Rick Probst _____

OFFICE NUMBER: _____ 888-851-9802 ext. 101 _____

ALTERNATE NUMBER: _____ 626-367-6628 _____

FAX NUMBER: _____ 877-678-8009 _____

EMAIL ADDRESS: _____ rick@cultivationtech.com _____

**Alternate contact:**

CONTACT NAME: _____ Rana Foroughi _____

OFFICE NUMBER: _____ 888-851-9802 ext. 105 _____

ALTERNATE NUMBER: _____

EMAIL ADDRESS: _____ rana@cultivationtech.com _____

**Email Address to send Invoices:** _____

**Corporate Counsel:**

Company Name: _____ Horwitz & Armstrong, LLP _____

Contact Name: _____ Christopher L. Tinen _____

Company Address: _____ 26475 Rancho Parkway South, Lake Forest, CA 92630 _____

Number: _____ 949-540-6540 _____

Email Address: _____ ctinen@horwitzarmstrong.com _____

Back to Superior Court of California County of Orange
ADA Complaint Exhibits 065

Ex Parte Application ISO Protective Order
Exhibit #4: 011

ocument received by the CA 4th District Court of Appeal Division 3.



## AUTHORIZATION FOR CERTIFICATE REPLACEMENT

Company Name: _____ Cultivation Technologies, Inc. _____

Company Address: _____ 3 Park Plaza Suite #490 _____

_____ Irvine, CA 92614 _____

RESOLVED, that QST, as Transfer Agent and Registrar is hereby authorized to issue and register such new certificates for the Stock offering of this Company as many from to time to time be requested. To replace lost, stolen or destroyed certificates, each such replacement to be made (a) upon being furnished with an affidavit as to the loss, theft or destruction of such certificates and (b) upon being properly indemnified against any and all loss that the Company, its Transfer Agents and Registrars may incur by reason of the replacement. Such indemnification shall consist of an open penalty lost instruments bond.

IT IS FURTHER RESOLVED, that since QST is covered by an Insurance Surety Company Indemnity Bond, with said coverage including indemnification for any Registrar, co-registrar, or co-transfer agent, this Company will approve this bond for use in replacing any of our lost, stolen or destroyed securities as being consistent with our corporate requirements and the Transfer Agent is authorized to issue said securities with no further Corporate approval required.

I, ___Amy Cooper___ Secretary of _Cultivation Technologies, Inc.___, do hereby certify the foregoing to be a full, true and correct copy of a resolution duly adopted at a regular meeting of the Board of Directors of said Company.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company on this ___22___ day of ___July___, 20___15___.

By: _Amy Cook_

Title: _President / Secretary_

ocument received by the CA 4th District Court of Appeal Division 3.

Ex Parte Application ISO Protective Order
Exhibit #4: 012



# CERTIFICATE OF SECRETARY

I, ___Amy Cooper_____, Secretary of _Cultivation Technologies, Inc._, a corporation duly organized and existing under the laws of the State of _CA_____.

DO HEREBY CERTIFY:

    A. That the foregoing is a true copy of a certain Resolution duly adopted, in accordance with the by-laws, by the Board of Directors of the said Company, at, and recorded in the minutes of a meeting of the said Board duly held on _____, and of the whole of the said Resolution, and that the said Resolution has not been rescinded or modified. B. That accompanying this certificate are:

    a. A copy of the Charter or Certificate of Incorporation of the said Company, with all amendments to date, duly certified under official seal by the state officer having custody of the original thereof.

    b. A true and complete copy of the by-laws of the said Company, as at present in force:

    c. A signature card bearing the names and specimen signatures of all the officers of said Company.

    d. Specimens of certificates of each denomination and class of Stock of the Company in the form adopted by the said Company; and

    e. An opinion by counsel for the Company covering validity of the outstanding total offering referred to in the above-mentioned Resolution and their registration or exemption from registration under the Securities Act of 1933 as amended.

    C. That the total authorized Stock of said Company is: _____ Shares, divided into:

| | Auth Shares | common | Stock Of | Par Value Each |
|---|---|---|---|---|
| | Auth Shares | | Stock Of | Par Value Each |

That of the said authorized Stock, there are now issued:

| | Shares of the Said | | Stock |
|---|---|---|---|
| | | | |

That such issue has been duly authorized and that all of the said shares are fully paid.

    D. That the following are true and correct with respect to the said Company:

| Title | Name | Address |
|---|---|---|
| President | Amy Cooper | 3 Park Plaza Suite #490, Irvine, CA 92614 |
| V. President | | |
| Secretary | Amy Cooper | 3 Park Plaza Suite #490, Irvine, CA 92614 |
| Officer | Richard O'Connor | 3 Park Plaza Suite #490, Irvine, CA 92614 |

Company Address:    3 Park Plaza Suite #490, Irvine, CA 92614 _____

CUSIP Number: _____     Company Phone: ___888-851-9802___

State of Incorporation: ____California____

(Corporate Seal)     ___July 22, 2015____     _Amy Cooper_ (signature)
                        Date                         Secretary

1980 Festival Plaza Dr., Suite 530 Las Vegas, NV 89135

Document received by the CA 4th District Court of Appeal Division 3.

Ex Parte Application ISO Protective Order
Back to Superior Court of California County of Orange
ADA Complaint Exhibits 067
Exhibit #4: 013



## CERTIFICATE OF AUTHORITY OF OFFICERS

To: Quicksilver Stock Transfer, LLC

The undersigned, Secretary of the above Company, hereby certifies that by resolution duly adopted by the Board of Directors of said Company, the officers named upon this certificate have been duly elected, are now acting and are qualified to sign written instructions, consents, Stock certificates of said Company, that the specimen signatures appearing opposite the names and titles are genuine signatures of such officers and that said resolutions electing these officers are now in full force and effect. You are further authorized to recognize these signatures until you receive our written instructions to the contrary.

| Name | Title | Signature |
|------|-------|-----------|
| Richard O'Connor | CEO | |
| Amy Cooper | President / Secretary | |
| Rick Probst | CFO / COO | |
| | | |
| | | |

Corporation Name: _____ Cultivation Technologies, Inc. _____

Address: _____ 3 Park Plaza Suite #490 _____

_____ Irvine, CA 92614 _____

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company on this 22 day of July , 20 15 .

By: _____

Title: ~~CEO~~ CFO

1980 Festival Plaza Dr., Suite 530 Las Vegas, NV 89135

Page 11 of 12


ocument received by the CA 4th District Court of Appeal Division 3.



# CERTIFICATE OF AUTHORITY OF OFFICERS

To: Quicksilver Stock Transfer, LLC

The undersigned, Secretary of the above Company, hereby certifies that by resolution duly adopted by the Board of Directors of said Company, the officers named upon this certificate have been duly elected, are now acting and are qualified to sign written instructions, consents, Stock certificates of said Company, that the specimen signatures appearing opposite the names and titles are genuine signatures of such officers and that said resolutions electing these officers are now in full force and effect. You are further authorized to recognize these signatures until you receive our written instructions to the contrary.

| Name | Title | Signature |
|------|-------|-----------|
| Richard O'Connor | CEO | |
| Amy Cooper | President / Secretary | Amy Cor |
| Rick Probst | CFO / COO | |
| | | |
| | | |

Corporation Name: _____ Cultivation Technologies, Inc. _____

Address: _____ 3 Park Plaza Suite #490 _____

_____ Irvine, CA 92614 _____

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company on this __22__ day of ___July___, 20 _15_ .

By: _____

Title: __CEO_____

1980 Festival Plaza Dr., Suite 530 Las Vegas, NV 89135

Page 11 of 12

Back to Superior Court of California County of Orange
ADA Complaint Exhibits 069

ocument received by the CA 4th District Court of Appeal Division 3.




## ADDENDUM 1

### NOTARY IN LIEU OF SIGNATURE/MEDALLION GUARUNTEE AUTHORIZATION

This addendum will become a part of the original contract between the Transfer Agent and ("Issuer")

Cultivation Technologies, Inc.

Whereas _____ Cultivation Technologies, Inc. _____ ("Issuer") authorizes the Transfer Agent to accept a Notarized signature on the back of the certificate or a separate Stock Power on lieu of the Signature/Medallion Guarantee from any shareholder who does not reside on the United States and is not able to obtain the Signature/Medallion Guarantee.

_____          July 22, 2015
Authorized Signature                      Date

CEO
Title

1980 Festival Plaza Dr., Suite 530 Las Vegas, NV 89135

Page 12 of 12

ocument received by the CA 4th District Court of Appeal Division 3.

| Fee Description | Price | Fee Period |
|---|---|---|
| Account Setup less than 500 shareholders | $ 500.00 | One time fee |
| Account Setup more than 500 shareholders | $ 0.75 | Per shareholder, one time fee |
| Initial Stock Certificate Design & Printing | Quote | Please Call |
| Private Company Maintenance Fee | $ 75.00 | Per month |
| Public Company Maintenance Fee | $ 150.00 | Per month |
| Storage Access/Special Requests | $ 150.00 | Per hour (1 hr min) |
| DTC Fast Set Up | $ 400.00 | One time fee |
| DTC FAST Account Management (12mo commitment) | $ 350.00 | Per month |
| Shareholder FAST/DWAC Transfer Fee | $ 200.00 | Per Transaction |
| Issuer Initiated FAST/DWAC Transfer/Broker Desposit | $ 100.00 | Per Transaction |
| Shareholder Book Entry (no certificate) | $ 50.00 | Per Transaction |
| Issuer Book Entry (no certificate) | $ 35.00 | Per Transaction |
| Issuer Initiated Warrants/Treasury Issuances | $ 35.00 | Per Transaction |
| Routine Transfer/New Certificate Fee | $ 50.00 | Per Certificate |
| Shipping Fee | $45/$85 | Domestic/International |
| Rejection Fee | $ 75.00 | Per Transaction (plus shipping) |
| Special Legend Fee | $ 75.00 | Per Special Legend |
| Lost Certificate Replacement (w/ bond waiver) | $ 100.00 | Per Certificate (plus shipping & cert) |
| Non-Routine Transfer: Legend Removal, Warrants, Options, Rescissions, Legal Deposits | $ 100.00 | Per Certificate (plus shipping & cert) |
| Cancellation Fee | $ 35.00 | Per Transaction (plus shipping) |
| Reports: Holder List, Stock History, Auth Issue, Reg Control | $ 35.00 | Per Report |
| Shareholder Mailing Labels | $ 1.00 | Per Shareholder ($25 minimum) |
| Proxy Service: NOBO List, postage, mailing supplies, voting tabulation, reporting, labor costs | Quote | Please Call |
| Stock Splits | $ 3.50 | Per Shareholder |
| Dividends/Interest Payments (excluding postage) | $ 2.50 | Per Shareholder |
| CUSIP Request for Corporate Actions | $ 250.00 | Regular |
| CUSIP Request for Corporate Actions | $ 750.00 | EXPEDITED |
| FINRA Attestation Form for Corporate Action | $ 500.00 | Per Corporate action |
| 1099 Preparation | $ 2.50 | Per Shareholder |
| CPA Requested Audit Confirmation | $ 75.00 | Per Request |
| Eschreatment Services | $ 2.50 | Per Account |
| EDGAR Work | $ 2,000.00 | Per year |
| XBRL Shell Company | $ 3,500.00 | 3 Q's and a 10K |
| XBRL Operating Company | $ 6,500.00 | 3 Q's and a 10K |
| Termination Fee - outstanding balance must be paid in full in adition to termination fee. Includes final processing, packing/shipping of all records & stock certificates. Frowarding of electronic shareholder file & notifying the securities dealers & depositories of change in transfer agent | $ 3,500.00 | Plus shipping fee |

Officer Signature

Richard O'Connor / CEO
Print Name & Title

Cultivation Technologies, Inc.
Company Name (Issuer)

22-Jul-15
Date

Back to Superior Court of California County of Orange
ADA Complaint Exhibits 071

ocument received by the CA 4th District Court of Appeal Division 3.