EXHIBIT 16

Beck v. Superior Court of California, County of Orange
ADA Complaint Exhibits 369

**Rule 5.1 Responsibilities of Managerial and Supervisory Lawyers**
**(Rule Approved by the Supreme Court, Effective November 1, 2018)**

(a) A lawyer who individually or together with other lawyers possesses managerial authority in a law firm,* shall make reasonable* efforts to ensure that the firm* has in effect measures giving reasonable* assurance that all lawyers in the firm* comply with these rules and the State Bar Act.

(b) A lawyer having direct supervisory authority over another lawyer, whether or not a member or employee of the same law firm,* shall make reasonable* efforts to ensure that the other lawyer complies with these rules and the State Bar Act.

(c) A lawyer shall be responsible for another lawyer's violation of these rules and the State Bar Act if:

(1) the lawyer orders or, with knowledge of the relevant facts and of the specific conduct, ratifies the conduct involved; or
(2) the lawyer, individually or together with other lawyers, possesses managerial authority in the law firm* in which the other lawyer practices, or has direct supervisory authority over the other lawyer, whether or not a member or employee of the same law firm,* and knows* of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable* remedial action.

**Comment**

*Paragraph (a) – Duties Of Managerial Lawyers To Reasonably* Assure Compliance with the Rules*

[1] Paragraph (a) requires lawyers with managerial authority within a law firm* to make reasonable* efforts to establish internal policies and procedures designed, for example, to detect and resolve conflicts of interest, identify dates by which actions must be taken in pending matters, account for client funds and property, and ensure that inexperienced lawyers are properly supervised.

[2] Whether particular measures or efforts satisfy the requirements of paragraph (a) might depend upon the law firm's structure and the nature of its practice, including the size of the law firm,* whether it has more than one office location or practices in more than one jurisdiction, or whether the firm* or its partners* engage in any ancillary business.

[3] A partner,* shareholder or other lawyer in a law firm* who has intermediate managerial responsibilities satisfies paragraph (a) if the law firm* has a designated managing lawyer charged with that responsibility, or a management committee or other body that has appropriate managerial authority and is charged with that responsibility. For example, the managing lawyer of an office of a multi-office law firm* would not necessarily be required to promulgate firm-wide policies intended to reasonably* assure that the law firm's lawyers comply with the rules or State Bar Act. However, a lawyer

remains responsible to take corrective steps if the lawyer knows* or reasonably should know* that the delegated body or person* is not providing or implementing measures as required by this rule.

[4] Paragraph (a) also requires managerial lawyers to make reasonable* efforts to assure that other lawyers in an agency or department comply with these rules and the State Bar Act. This rule contemplates, for example, the creation and implementation of reasonable* guidelines relating to the assignment of cases and the distribution of workload among lawyers in a public sector legal agency or other legal department. (See, e.g., State Bar of California, Guidelines on Indigent Defense Services Delivery Systems (2006).)

*Paragraph (b) – Duties of Supervisory Lawyers*

[5] Whether a lawyer has direct supervisory authority over another lawyer in particular circumstances is a question of fact.

*Paragraph (c) – Responsibility for Another's Lawyer's Violation*

[6] The appropriateness of remedial action under paragraph (c)(2) would depend on the nature and seriousness of the misconduct and the nature and immediacy of its harm. A managerial or supervisory lawyer must intervene to prevent avoidable consequences of misconduct if the lawyer knows* that the misconduct occurred.

[7] A supervisory lawyer violates paragraph (b) by failing to make the efforts required under that paragraph, even if the lawyer does not violate paragraph (c) by knowingly* directing or ratifying the conduct, or where feasible, failing to take reasonable* remedial action.

[8] Paragraphs (a), (b), and (c) create independent bases for discipline. This rule does not impose vicarious responsibility on a lawyer for the acts of another lawyer who is in or outside the law firm.* Apart from paragraph (c) of this rule and rule 8.4(a), a lawyer does not have disciplinary liability for the conduct of a partner,* associate, or subordinate lawyer. The question of whether a lawyer can be liable civilly or criminally for another lawyer's conduct is beyond the scope of these rules.

**NEW RULE OF PROFESSIONAL CONDUCT 5.1**
**(See Former Rule 3-110 Discussion)**
**Responsibilities of Managerial and Supervisory Lawyers**

**EXECUTIVE SUMMARY**

In connection with consideration of current rule 3-110 (Failing to Act Competently), the Commission for the Revision of the Rules of Professional Conduct ("Commission") has reviewed and evaluated ABA Model Rules 5.1 (Responsibilities of Partners, Managers, and Supervisory Lawyers), 5.2 (Responsibilities of a Subordinate Lawyer), and 5.3 (Responsibilities Regarding Nonlawyer Assistants). The Commission also reviewed relevant California statutes, rules, and case law relating to the issues addressed by the proposed rules. The evaluation was made with a focus on the function of the rules as disciplinary standards, and with the understanding that the rule comments should be included only when necessary to explain a rule and not for providing aspirational guidance. Although these proposed rules have no direct counterpart in the current California rules, the concept of the duty to supervise is found in the first Discussion paragraph to current rule 3-110, which states: "The duties set forth in rule 3-110 include the duty to supervise the work of subordinate attorney and non-attorney employees or agents."[1] The result of this evaluation is proposed rules 5.1 (Responsibilities of Managerial and Supervisory Lawyers), 5.2 (Responsibilities of a Subordinate Lawyer), and 5.3 (Responsibilities Regarding Nonlawyer Assistants).

**<u>Rule As Issued For 90-day Public Comment</u>**

The main issue considered when evaluating a lawyer's duty to supervise was whether to adopt versions of ABA Model Rules 5.1, 5.2, and 5.3, or retain the duty to supervise only as an element of the duty of competence. The Commission concluded that adopting these proposed rules provides important public protection and critical guidance to lawyers possessing managerial authority by more specifically describing a lawyer's duty to supervise other lawyers (proposed rule 5.1) and non-lawyer personnel (proposed rule 5.3). Proposed rules 5.1 and 5.3 extend beyond the duty to supervise that is implicit in current rule 3-110 and include a duty on firm managers to have procedures and practices that foster ethical conduct within a law firm. Current rule 3-110 includes a duty to supervise but says nothing about the subordinate lawyer's duties. Proposed rule 5.2 addresses this omission by stating that a subordinate lawyer generally cannot defend a disciplinary charge by blaming the supervisor. Although California's current rules have no equivalent to proposed rule 5.2, there appears to be no conflict with the proposed rule and current California law in that there is no known California authority that permits a subordinate lawyer to defend a disciplinary charge based on clearly improper directions from a senior lawyer.

---

1 The first Discussion paragraph to current rule 3-110 provides:

The duties set forth in rule 3-110 include the duty to supervise the work of subordinate attorney and non-attorney employees or agents. (See, e.g., *Waysman v. State Bar* (1986) 41 Cal.3d 452; *Trousil v. State Bar* (1985) 38 Cal.3d 337, 342 [211 Cal.Rptr. 525]; *Palomo v. State Bar* (1984) 36 Cal.3d 785 [205 Cal.Rptr. 834]; *Crane v. State Bar* (1981) 30 Cal.3d 117, 122; *Black v. State Bar* (1972) 7 Cal.3d 676, 692 [103 Cal.Rptr. 288; 499 P.2d 968]; *Vaughn v. State Bar* (1972) 6 Cal.3d 847, 857-858 [100 Cal.Rptr. 713; 494 P.2d 1257]; *Moore v. State Bar* (1964) 62 Cal.2d 74, 81 [41 Cal.Rptr. 161; 396 P.2d 577].)

The following is a summary of proposed rule 5.1 (Responsibilities of Managerial and Supervisory Lawyers).[2]

Proposed rule 5.1 incorporates the substance of ABA Model Rule 5.1. Paragraph (a) requires that managing lawyers make "reasonable efforts to ensure" the law firm has measures that provide reasonable assurance that all lawyers in the firm comply with the Rules of Professional Conduct and the State Bar Act. Paragraph (b) requires that a lawyer who directly supervises another lawyer make "reasonable efforts to ensure" the other lawyer complies with the Rules of Professional Conduct and the State Bar Act, whether or not the other lawyer is a member or employee of the same firm. Neither provision imposes vicarious liability. However, a lawyer will be responsible for a subordinate's violation of a rule under paragraph (c) if a lawyer either ordered or, with knowledge of the relevant facts and specific conduct, ratifies the conduct of the subordinate, ((c)(1)), or knowing of the misconduct, failed to take remedial action when there was still time to avoid or mitigate the consequences, ((c)(2)).

As initially circulated for 90-day public comment, there were nine comments to the rule. Comments [1] – [4] describe the duties of managerial lawyers to reasonably assure compliance with the rules under paragraph (a). Comment [5] states that whether a lawyer has direct supervisory authority over another lawyer in a specific instance is a question of fact. Comments [6] – [9] clarify when a supervisory lawyer is responsible for another lawyer's violation.

**National Background – Adoption of Model Rule 5.1**

As California does not presently have a direct counterpart to Model Rule 5.1, this section reports on the adoption of the Model Rule in United States' jurisdictions. The ABA Comparison Chart, entitled "Variations of the ABA Model Rules of Professional Conduct, Rule 5.1: Responsibilities of Partners, Managers, and Supervisory Lawyers," revised May 5, 2015, is available at:

- http://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/mrpc_5_1.pdf

Thirty-one states have adopted Model Rule 5.1 verbatim. Fourteen jurisdictions have adopted a slightly modified version of Model Rule 5.1. Five states have adopted a version of the rule that is substantially different to Model Rule 5.1. One state has not adopted a version Model Rule 5.1.[3]

**Revisions Following 90-Day Public Comment Period**

After consideration of comments received in response to the initial 90-day public comment period, the Commission added Comment [6], the concept of which is derived from proposed rule 5.2(b). In addition, the Commission modified Comment [3] for clarity and deleted Comment [9] as unnecessary.

With these changes, the Board authorized an additional 45-day public comment period on the revised proposed rule.

[2] The executive summaries for proposed rules 5.2 and 5.3 are provided separately.

[3] The one state is California.

Complaint Supplement #30-2020-01145998
Exhibit #16: 004
Baek v. Superior Court of California County of Orange
ADA Complaint Exhibits 373

**Final Commission Action on the Proposed Rule Following 45-Day Public Comment Period**

After consideration of comments received in response to the additional 45-day public comment period, the Commission made no changes to the proposed rule and voted to recommend that the Board adopt the proposed rule.

The Board adopted proposed rule 5.1 at its March 9, 2017 meeting.

**Supreme Court Action (May 10, 2018)**

The Supreme Court approved the rule as modified by the Court to be effective November 1, 2018. Comment [6] was deleted in its entirety and subsequent Comments were renumbered accordingly.

3

Complaint Supplement #30-2020-01145998
Exhibit #16: 005

Back - Superior Court of California County of Orange
ADA Complaint Exhibits 374

**Rule 5.1 Responsibilities of ~~a Partner or~~Managerial and Supervisory ~~Lawyer~~Lawyers**
**(Redline Comparison to the ABA Model Rule)**

(a) A ~~partner in a law firm, and a~~ lawyer who individually or together with other lawyers possesses ~~comparable~~ managerial authority in a law firm,* shall make reasonable* efforts to ensure that the firm* has in effect measures giving reasonable* assurance that all lawyers in the firm ~~conform to the Rules of Professional Conduct*~~ comply with these rules and the State Bar Act.

(b) A lawyer having direct supervisory authority over another lawyer, whether or not a member or employee of the same law firm,* shall make reasonable* efforts to ensure that the other lawyer ~~conforms to the Rules of Professional Conduct~~complies with these rules and the State Bar Act.

(c) A lawyer shall be responsible for another ~~lawyer's~~lawyer's violation of ~~the Rules of Professional Conduct~~these rules and the State Bar Act if:

(1) the lawyer orders or, with knowledge of the relevant facts and of the specific conduct, ratifies the conduct involved; or

(2) the lawyer ~~is a partner or has comparable~~, individually or together with other lawyers, possesses managerial authority in the law firm* in which the other lawyer practices, or has direct supervisory authority over the other lawyer, whether or not a member or employee of the same law firm,* and knows* of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable* remedial action.

**Comment**

~~[1]~~ *Paragraph (a)* ~~applies to lawyers who have managerial authority over the professional work of a firm. See Rule 1.0(c). This includes members of a partnership, the shareholders in a law firm organized as a professional corporation, and members of other associations authorized to practice law; lawyers having comparable managerial authority in a legal services organization or a law department of an enterprise or government agency; and lawyers who have intermediate managerial responsibilities in a firm. Paragraph (b) applies to lawyers who have supervisory authority over the work of other lawyers in a firm.~~ *Duties Of Managerial Lawyers To Reasonably* Assure Compliance with the Rules*

[~~2~~1] Paragraph (a) requires lawyers with managerial authority within a law firm* to make reasonable* efforts to establish internal policies and procedures designed ~~to provide reasonable assurance that all lawyers in the firm will conform to the Rules of Professional Conduct. Such policies and procedures include those designed~~, for example, to detect and resolve conflicts of interest, identify dates by which actions must be taken in pending matters, account for client funds and property, and ensure that inexperienced lawyers are properly supervised.

[2] Whether particular measures or efforts satisfy the requirements of paragraph (a) might depend upon the law firm's structure and the nature of its practice, including the size of the law firm,* whether it has more than one office location or practices in more than one jurisdiction, or whether the firm* or its partners* engage in any ancillary business.

~~[3] Other measures that may be required to fulfill the responsibility prescribed in paragraph (a) can depend on the firm's structure and the nature of its practice. In a small firm of experienced lawyers, informal supervision and periodic review of compliance with the required systems ordinarily will suffice. In a large firm, or in practice situations in which difficult ethical problems frequently arise, more elaborate measures may be necessary. Some firms, for example, have a procedure whereby junior lawyers can make confidential referral of ethical problems directly to a designated senior partner or special committee. See Rule 5.2. Firms, whether large or small, may also rely on continuing legal education in professional ethics. In any event, the ethical atmosphere of a firm can influence the conduct of all its members and the partners may not assume that all lawyers associated with the firm will inevitably conform to the Rules.~~

[3] A partner,* shareholder or other lawyer in a law firm* who has intermediate managerial responsibilities satisfies paragraph (a) if the law firm* has a designated managing lawyer charged with that responsibility, or a management committee or other body that has appropriate managerial authority and is charged with that responsibility. For example, the managing lawyer of an office of a multi-office law firm* would not necessarily be required to promulgate firm-wide policies intended to reasonably* assure that the law firm's lawyers comply with the rules or State Bar Act. However, a lawyer remains responsible to take corrective steps if the lawyer knows* or reasonably should know* that the delegated body or person* is not providing or implementing measures as required by this rule.

[4] Paragraph (~~c) expresses a general principle of personal responsibility for acts of another. See also Rule 8.4(a).~~a) also requires managerial lawyers to make reasonable* efforts to assure that other lawyers in an agency or department comply with these rules and the State Bar Act. This rule contemplates, for example, the creation and implementation of reasonable* guidelines relating to the assignment of cases and the distribution of workload among lawyers in a public sector legal agency or other legal department. (See, e.g., State Bar of California, Guidelines on Indigent Defense Services Delivery Systems (2006).)

*Paragraph (b) – Duties of Supervisory Lawyers*

[5] ~~Paragraph (c)(2) defines the duty of a partner or other lawyer having comparable managerial authority in a law firm, as well as~~Whether a lawyer ~~who has~~ direct supervisory authority over ~~performance of specific legal work by~~ another lawyer~~. Whether a lawyer has supervisory authority~~ in particular circumstances is a question of fact.~~ Partners and lawyers with comparable authority have at least indirect responsibility for all work being done by the firm, while a partner or manager in charge~~

~~of a particular matter ordinarily also has supervisory responsibility for the work of other firm lawyers engaged in the matter. Appropriate remedial action by a partner or managing lawyer~~

*Paragraph (c) – Responsibility for Another's Lawyer's Violation*

[6] The appropriateness of remedial action under paragraph (c)(2) would depend on the ~~immediacy of that lawyer's involvement and the~~nature and seriousness of the misconduct~~. A supervisor is required to~~ and the nature and immediacy of its harm. A managerial or supervisory lawyer must intervene to prevent avoidable consequences of misconduct if the ~~supervisor knows~~lawyer knows* that the misconduct occurred.~~ Thus, if a supervising lawyer knows that a subordinate misrepresented a matter to an opposing party in negotiation, the supervisor as well as the subordinate has a duty to correct the resulting misapprehension.~~

~~[6] Professional misconduct by a lawyer under supervision could reveal a violation of paragraph (b) on the part of the supervisory lawyer even though it does not entail a violation of paragraph (c) because there was no direction, ratification or knowledge of the violation.~~

[7] ~~Apart from this Rule and Rule 8.4(a), a lawyer does not have disciplinary liability for the conduct of a partner, associate or subordinate. Whether a lawyer may be liable civilly or criminally for another lawyer's conduct is a question of law beyond the scope of these Rules.~~A supervisory lawyer violates paragraph (b) by failing to make the efforts required under that paragraph, even if the lawyer does not violate paragraph (c) by knowingly* directing or ratifying the conduct, or where feasible, failing to take reasonable* remedial action.

[8] ~~The duties imposed by this Rule on managing and supervising lawyers do not alter the personal duty of each lawyer in a firm to abide by the Rules of Professional Conduct. See Rule 5.2(a). the Rules of Professional Conduct. See Rule 5.2(a).~~Paragraphs (a), (b), and (c) create independent bases for discipline. This rule does not impose vicarious responsibility on a lawyer for the acts of another lawyer who is in or outside the law firm.* Apart from paragraph (c) of this rule and rule 8.4(a), a lawyer does not have disciplinary liability for the conduct of a partner,* associate, or subordinate lawyer. The question of whether a lawyer can be liable civilly or criminally for another lawyer's conduct is beyond the scope of these rules.