FILED

MAY 1 6 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ _____ DEPUTY

1  Justin S. Beck
   3501 Roselle St.,
2  Oceanside, CA 92056
3  760-449-2509
   justintimesd@gmail.com
4  *In Propria Persona*

5              **IN THE UNITED STATES DISTRICT COURT**
6                          **FOR THE**
                **SOUTHERN DISTRICT OF CALIFORNIA**
7

8  _____
9  JUSTIN S. BECK,                    )  Case No.: 3:23-CV-0882-JES-NLS
                                      )
10             Plaintiff,             )  Judge:    Hon. James E. Simmons, Jr.
                                      )
11     vs.                            )  ***EX PARTE* APPLICATION FOR
                                      )  TEMPORARY RESTRAINING ORDER;
12                                    )  DECLARATION OF JUSTIN S. BECK IN
   SUPERIOR COURT OF CALIFORNIA,      )  SUPPORT
13 COUNTY OF ORANGE                   )
                                      )
14             Defendant,             )
                                      )
15                                    )
16 _____   )

17

18

19

20

21

22

23

24

25

26

27

28

   3:23-CV-0882-JES-NLS                 1              Application for TRO

1    **I.      INTRODUCTION**

2           "A court of the United States may not grant an injunction to stay proceedings in a State court

3    except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to

4    protect or effectuate its judgments." 28 U.S.C. § 2283.

5           Under 42 U.S.C. § 12101(b), "[i]t is the purpose of this chapter—(1) to provide a clear and

6    comprehensive national mandate for the elimination of discrimination against individuals with

7    disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination

8    against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in

9    enforcing the standards established in this chapter on behalf of individuals with disabilities; and (4) to

10   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment

11   and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by

12   people with disabilities." Plaintiff is disabled, prejudiced, and currently being exploited.

13          Plaintiff hereby applies for a temporary restraining order to stay proceedings in SUPERIOR

14   COURT OF CALIFORNIA, COUNTY OF ORANGE Case No. 30-2020-01145998. Such stay is

15   required as being expressly authorized by Congress in enacting Americans with Disabilities Act, Title

16   II because court proceedings are the primary function of SUPERIOR COURT OF CALIFORNIA,

17   COUNTY OF ORANGE. Plaintiff is being excluded from participation in or being denied the benefits

18   of the services, programs, or activities of SUPERIOR COURT OF CALIFORNIA, COUNTY OF

19   ORANGE. Further, Plaintiff is subject to discrimination by SUPERIOR COURT OF CALIFORNIA,

20   COUNTY OF ORANGE on the basis of Plaintiff's disability.  Finally, a stay of proceedings is necessary

21   in aid of this Court's jurisdiction under Title II of the Americans with Disabilities Act.

22          The Court must exercise jurisdiction in order to enforce the fourteenth amendment because

23   SUPERIOR COURT, COUNTY OF ORANGE, The State Bar of California, State of California, and

24   Orange County District Attorney's Office are each depriving Plaintiff the most basic inalienable right

25   to life, liberty, and property without due process of law, with malice.

26          Plaintiff is likely to succeed on the merits, he is likely to suffer irreparable harm if the Court does

27   not grant preliminary relief, SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE will not

28   be prejudiced whatsoever if relief is granted, and an injunction is in the best interest of the public.

## II.    LEGAL STANDARD

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish such harm is likely. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995). The Court's decision on a motion for a preliminary injunction is not a ruling on the merits. *See Sierra OnLine, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). *D.M. v. Or. Scholastic Activities Ass'n*, Civ. 6:22-cv-01228-MC, 4-5 (D. Or. Sep. 9, 2022)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To succeed on his Title II claim, Plaintiff must show (1) he is a qualified individual with a disability, (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). A "disability" is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Public entities include "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(b).

"[F]ailure to provide [a] reasonable accommodation can constitute discrimination." *Updike v. Multnomah Cnty.*, 870 F.3d 939, 951 (9th Cir. 2017) (quoting *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002)). Plaintiff must demonstrate "the existence of a reasonable accommodation" that would enable him to participate in the activity at issue. *Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008) (quoting *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1046 (9th Cir. 1999)). The burden then shifts to Defendant to show that the modification would require a fundamental alteration or pose an undue hardship on the entity. *Id.* (citing 28 C.F.R. § 35.150(a)(3)). The reasonableness

1    determination is a fact-specific, case-by-case inquiry based on the disabled individual's circumstances
2    and the accommodations sought. *Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 818 (9th Cir. 1999).
3    *D.M. v. Or. Scholastic Activities Ass'n*, Civ. 6:22-cv-01228-MC, 5-6 (D. Or. Sep. 9, 2022)

4    **III.    ARGUMENT**

5        1. *Plaintiff is Likely to Succeed on the Merits*

6            A. Plaintiff is a Qualified Individual with a Disability

7        Plaintiff suffers from post-traumatic stress disorder and Legal Abuse Syndrome (LAS) which is
8    a separate diagnosis in DSM-5 (Diagnostic and Statistical Manual of Mental Disorders version 5) caused
9    when a person is repeatedly dragged back into court on false allegations or other misinformation. He
10   suffers from severe emotional distress that is often debilitating, and which contributed to a seizure on
11   December 1, 2022, from contraindication of medication, due to the abuse he has suffered in SUPERIOR
12   COURT OF CALIFORNIA, COUNTY OF ORANGE. Declaration of Beck ("Decl.") ¶ 1. Ex. 1.

13       Importantly, as set forth in Plaintiff's compendium of exhibits (G059766), the Court of Appeal
14   has already concluded a series of cases were filed against Plaintiff without objective probable cause (as
15   in, it is incurable).  Despite this, SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
16   purports that it is his abusers' right to file meritless and frivolous litigation without restraint, without
17   regard for the Fourteenth Amendment to the United States Constitution. Decl. ¶ 2.

18           B. Plaintiff was Excluded from Participation or Denied Benefit of Defendant Services

19       Plaintiff verifies the operative complaint as being true and correct. Decl. ¶ 3. On notice of his
20   harm, SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE refuses to accommodate his
21   needs which require nothing but adherence to mandatory law and some nominal adjustments to protect
22   him. Decl. ¶ 4. Worse, SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE is
23   exacerbating Plaintiff's harm in active concert with his abusers. Decl. ¶ 5. SUPERIOR COURT OF
24   CALIFORNIA, COUNTY OF ORANGE is retaliating against Plaintiff by refusing to enter defaults
25   against State of California which refuses to appear in one case (30-2021-01237499), and further, the
26   court refuses to even place the remanded case (from January 12, 2023) on the docket. Decl. ¶ 6. The
27   court has gone so far as to remove Plaintiff's motion for summary judgment, evidence, and papers from
28   his record in one case to conceal the facts of public corruption and oppress him. Decl. ¶ 7. Ex. 3.

1      Here, Plaintiff asked for (and needs): 1) physical separation, if requested, from his abusers; 2)

2   having his ADA advocate by his side or by telephone/Zoom, and a support person if requested; 3)

3   allowance for 15-minute breaks if he becomes symptomatic; 4) digital recording of all proceedings to

4   ensure they can be remembered; 5) accommodations when made to testify that he can prepare and is not

5   "put on the spot"; 6) that he not be pressured under duress to make material decisions in court; 7) that

6   his disabilities not be exploited in any way, by any person, party, the court, staff or bailiffs, that may be

7   present in court or out of court; 8) that the Court scrutinize discovery and provide accommodation

8   limiting circumstances likely to trigger symptoms; 9) the court consider the ex parte application and un-

9   waivable conflicts, concealment of facts, court orders, and threat of further irreparable harm. Decl. ¶ 4.

10      After Plaintiff made accommodation requests, on April 18, 2023, SUPERIOR COURT OF

11   CALIFORNIA, COUNTY OF ORANGE asserted that Plaintiff's needs were "unreasonable" without

12   explanation. The same day, the court denied the reserved ex parte hearing after directing Plaintiff to file

13   a protective order in apparent retaliation for making request for disability accommodations. Decl. ¶ 5.

14      On May 5, 2023, SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE – after five

15   years of well documented abuse against Plaintiff and nearly twenty years of fraud and adjudicated,

16   vexatious litigation by his abusers against other innocent people – the court *sanctioned* the disabled

17   Plaintiff and compelled him to produce discovery to his abusers despite their mandatory disqualification

18   and violations of law under California Rules of Professional Conduct 1.7(d)(3) and 1.9. Decl. ¶ 8. In

19   other words, the court looked past the conduct to which Plaintiff has been subject for five years,

20   overlooked the mandatory disqualification of his abusers, refused to consider several Court of Appeal

21   rulings or a trial of fact before the same judicial officer, and granted license to his abusers to "have

22   another go" at the disabled Plaintiff after denying ADA accommodations with malice. Decl. ¶ 8.

23                    C. Such Exclusion or Discrimination was By Reason of Plaintiff's Disability

24      As set forth in his verified complaint, the ADA coordinator Becky Torres was anything but

25   accommodating – she refused to answer questions of Plaintiff or his advocate. Decl. ¶ 9. The judicial

26   officer on May 5, 2023, without regard of the U.S. Constitution, said that it was his abusers' right to file

27   meritless cases. Decl. ¶ 2. The discrimination and retaliation against Plaintiff is increasing, not

28   decreasing, in veracity now that the court knows Plaintiff is disabled. (See Complaint, Exhibits).

1    *2. Plaintiff is Likely to Suffer Irreparable Harm Absent Preliminary Relief*

2          Not only will Plaintiff suffer irreparable harm, his condition was caused in part by SUPERIOR

3    COURT OF CALIFORNIA, COUNTY OF ORANGE. If the Court does not stay proceedings until such

4    time that he is accommodated or related RICO allegations are heard (3:22-CV-01616-AGS-DDL),

5    Plaintiff faces not only health complications and adverse symptoms, but he faces an ongoing and

6    perpetual "snowball" of this: he need not show he is a victim of serial fraud, because the Court of Appeal

7    has shown it (as a matter of law RE: <u>no objective probable cause</u>), and U.S. District Court, Circuit Court

8    as well as The State Bar of California have furnished cumulative evidence. (Exhibits). Decl. ¶ 10.

9          The May 5, 2023, order sanctioning Plaintiff, compelling him to produce discovery is

10   unconscionable under the circumstances: the Court is requiring the disabled Plaintiff to produce

11   thousands of documents while it grants license to Plaintiff's abusers to violate mandatory law. Plaintiff

12   cannot comprehend how this is occurring but for making reasonable inferences: The State Bar of

13   California admitted on March 10, 2023, that it was infected by bribery and corruption. Decl. ¶ 11. One

14   of Defendant's clerks was sentenced for violating RICO and fixing 1,000 cases in September 2017.

15   Decl. ¶ 12. Orange County District Attorney's Office was subject to civil rights investigation by the U.S.

16   finding systematic violations of the Fourteenth Amendment. Decl. ¶ 13. ***Something is going on in***

17   ***Defendant's court.*** Compelling Plaintiff to produce discovery while ignoring un-waivable conflicts of

18   interest as RICO allegations are pending, as SUPERIOR COURT OF CALIFORNIA, COUNTY OF

19   ORANGE refuses to accommodate Plaintiff, is a license to defraud Plaintiff and other innocent people

20   further. It makes no sense, it is unequal, malicious, and makes the judicial machinery appear unfair.

21          *3. The Balance of Equities Tips in Plaintiff's Favor*

22          SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE will suffer no hardship by

23   staying all proceedings in Case No. 30-2020-01145998. If the proceedings are not stayed, Plaintiff could

24   be found in contempt if he fails to comply with the overwhelming requests from his abusers who have

25   demanded information prejudicial *to their own clients*, and if he does comply with the overwhelming

26   requests – he and others could suffer from years of additional harassment under color of law and the

27   guise of "advocacy." Plaintiff relies upon the compendium of exhibits and 454 pages of court orders, a

28   trial of fact, and The State Bar of California's own summary: <u>Plaintiff's abusers are a threat to the public</u>.

1      4. *An Injunction is in the Public Interest*

2      Allowing SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE to freely violate

3 the Fourteenth Amendment to the United States Constitution and the Americans with Disabilities Act,

4 Title II is an affront to democracy and mandate of Congress. Plaintiff's abusers, including SUPERIOR

5 COURT OF CALIFORNIA, COUNTY OF ORANGE also make The State Bar of California – which

6 recently admitted to its own corruption and bribery schemes on March 10, 2023 – look even worse which

7 is a danger to the public, courts, and legal profession. There is no benefit (except to Plaintiff's abusers)

8 to society or the public by enabling the conduct to which Plaintiff is subject. This Court needs to hit the

9 "pause" button. Plaintiff is suffering, other people are suffering, and there is no end in sight. Where The

10 State Bar of California refuses to perform its most basic function, and judicial officers in SUPERIOR

11 COURT OF CALIFORNIA, COUNTY OF ORANGE are enabling the conduct, the U.S. District Court

12 is bound to act by Congress under the Americans with Disabilities Act, Title II as a matter of law.

13      5. *A Temporary Restraining Order Can Issue without Notice, Here*

14      The court may issue a temporary restraining order without written or oral notice to the adverse

15 party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that

16 immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can

17 be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give notice

18 and the reasons why it should not be required.

19      (A) Movant shows in his verified complaint that he is being compelled to produce voluminous

20 discovery to attorneys engaged in serial fraud in SUPERIOR COURT OF CALIFORNIA, COUNTY

21 OF ORANGE which is due on May 25, 2023. Decl. ¶¶ 3, 15. There is no time to be heard. Plaintiff adds

22 454 pages of exhibits reflecting at least five fraudulent schemes constituting a pattern of practice: if

23 Plaintiff has to produce more information, it is certain to result in more fraud and meritless litigation

24 lacking probable cause that will trigger symptoms in the indigent, disabled Plaintiff. Decl. ¶¶ 3, 15.

25      (B) Movant certifies in writing that he gave notice to SUPERIOR COURT OF CALIFORNIA,

26 COUNTY OF ORANGE – but notice should not be required. ADA says that Plaintiff need not take any

27 acts "for show" when it is clear Defendant will not accommodate him nor will it protect him as required

28 under the Fourteenth Amendment, nor will it suffer harm placing a stay on abuse. Decl. ¶ 16. Ex. 11.

1    **IV.    CONCLUSION**

2         For the foregoing reasons, Plaintiff requests the Court grant Plaintiff's temporary restraining

3    order application. A proposed order was delivered to chambers upon filing this application, and a copy

4    was furnished to SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE.

5

6

7

8         Respectfully Submitted,                    _____

9         May 15, 2023,                              Justin S. Beck, Plaintiff

10                                                    In Pro Per

11                                                    Qualified Individual Under ADA, Title II

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DECLARATION OF JUSTIN S. BECK IN SUPPORT OF INUNCTIVE RELIEF</u>

I, Justin S. Beck, hereby declare under penalty of perjury under the laws of the State of California: I have personal knowledge of each fact set forth within this declaration, my complaint for declaratory relief, injunctive relief, and damages, and the authenticity of each exhibit attached. If called to testify, I could and would do so competently on any matter to which I declare.

1. I suffer from severe emotional distress, depression, and anxiety which substantially limit my ability to read, concentrate, think, and communicate on a daily basis. During the scheme describe in my complaint, my psychiatrist prescribed escitalopram for my severe symptoms. On December 1, 2022, that medication contraindicated with Vyvanse, which I had taken for nearly ten years without issue to treat attention deficit hyperactivity disorder – resulting in a seizure. To remove the risk of seizure, I was ordered to cease taking both medications, leaving me with unmedicated severe depression, anxiety, and attention deficit hyperactivity disorder. During this proceeding, I intend to furnish proof consisting of expert physician testimony of my post-traumatic stress disorder and Legal Abuse Syndrome (DSM-5). As direct and proximate cause of these factors, I am presently unemployed, have trouble sleeping, and my cognition is affected severely from time to time which substantially affects virtually all of my major life activities.

2. When I told Honorable Randall J. Sherman on May 5, 2023 in open court, of the health and due process implications of my being forced to produce discovery to attorneys engaged in serial fraud, amidst un-waivable violations of California Rules of Professional Conduct 1.7(d)(3) and 1.9 propounded on behalf of parties Catanzarite was concurrently adverse to, suing, and/or tolling claims against to "bring later" – especially after Catanzarite Law Corporation had been disqualified four times in the same or substantially related matters – I was informed that it was Catanzarite's right to file frivolous litigation lacking objective probable cause. The State Bar of California refuses to do anything, either. I have exhausted all other avenues of remedy.

3. I hereby verify the contents of my complaint in this case as being true and correct. I am readily familiar with all the facts set forth in my complaint, the public records produced to me by The State Bar of California about Catanzarite, and the fraudulent nature of claims directed, adjudicated, and re-directed at me.

4.  The following accommodations were denied by SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE on April 18, 2023: 1) physical separation, if requested, from my abusers; 2) having my ADA advocate by my side or by telephone/Zoom, and a support person if requested; 3) allowance for 15-minute breaks if I become symptomatic; 4) digital recording of all proceedings to ensure they can be remembered; 5) accommodations when made to testify that I can prepare and I am not "put on the spot"; 6) that I not be pressured under duress to make material decisions in court; 7) that my disabilities not be exploited in any way, by any person, party, the court, staff or bailiffs, that may be present in court or out of court; 8) that the Court scrutinize discovery and provide accommodation limiting circumstances likely to trigger symptoms; 9) the court consider my ex parte application scheduled for April 18, 2023, the un-waivable conflicts impairing or eliminating my due process rights protected by the fourteenth amendment, and the concealment of facts, court orders, and the threat of further irreparable harm that I faced without objective probable cause after 5-years of abuse shown by court orders.

5.  The same day my ADA accommodations were denied as being "unreasonable," April 18, 2023, my ex parte application raising ADA accommodation needs, due process violations, and violations of mandatory law was denied on the basis that there was "[n]o good cause to have this matter heard on shortened notice by an Ex Parte Application." Showing such cause did exist, the Court granted motions to compel discovery from Catanzarite on May 5, 2023, but disregarded mandatory disqualification and mandatory law violations by the firm through unequal application of the law. This has exacerbated my condition, and SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE has no regard for me or my rights to ADA accommodations or due process.

6.  I have a pending Government Claims Act case before SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE (30-2021-01237499) in which State of California has been served and refuses to appear or answer. I have requested defaults, but the Court refuses to enter them. I tried to remove the case to U.S. Central District of California, Southern Division citing a lack of fair and neutral forum – it was remanded January 12, 2023. SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE refuses to place the case on the docket.

7. On February 15, 2023, after 30-2021-01237499 was remanded on January 12, 2023, SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE staff manipulated my record by removing ROA #101, ROA #103, ROA #107, and ROA #111 from the case – which were summary judgment papers that were accepted in July 2022.

8. On May 5, 2023, during the hearing concerning motions to compel discovery, the Court granted all motions filed unlawfully by Catanzarite, without regard for mandatory disqualification or law, and ordered me to produce it within 20-days without objection, and sanctioned me $2,990.

9. The ADA Coordinator, Becky Torres, for SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE has failed repeatedly to communicate with me or my advocate in a timely or effective manner.

10. I have shown through my verified complaint and the associated compendium exhibits that I am virtually certain to face serial fraud and more frivolous litigation if the Court does not place a stay on 30-2020-01145998 to ensure I am accommodated and that my due process rights are no longer abrogated in favor of Catanzarite. I also understand violations of the United States Constitution constitute irreparable harm, and my fourteenth amendment rights are abrogated every day I appear amidst un-waivable conflicts of interest, or without regard for my disability.

11. On March 10, 2023, The State Bar of California publicly announced that it was infected with bribery and corruption. Specifically, it confirmed a private lawyer had paid over $1,000,000 to staff, provided gifts to staff and leadership, and even employed relatives at his law firm.

12. On September 22, 2017, U.S. Attorney's Office announced a former clerk for SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE was sentenced to over 11-years in prison for violating RICO in a bribery scheme to fix over 1,000 cases.

13. On October 13, 2022, U.S. Department of Justice announced Orange County District Attorney's Office and Sheriff's Department were found by the Civil Rights Division to have operated a custodial informant program that systematically violated Fourteenth Amendment rights.

14. I was compelled to produce volumes upon volumes of documents and interrogatories to Catanzarite Law Corporation by May 25, 2023 – as it continues to represent parties it was disqualified from representing in the same or substantially related matters – and as it engages in

material conflicts of interest. The firm even demurred to my pleading that their own conflicts, which are no fault of mine, affect their attorney's due process rights and inability to provide a defense. It is against mandatory law, including but not limited to California Rules of Professional Conduct 1.7(d)(3) and 1.9, to engage in these conflicts. SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE is unreasonably favoring the rights of Catanzarite as it strips me of my constitutional right to due process of law protected by the fourteenth amendment.

15. Within my complaint and exhibits, I show five separate fraudulent and malicious schemes using the judicial system to extort litigants and/or insurance carriers. SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE is unreasonably carrying this on and further granting license to perpetuate it. I lose several hours of sleep each night thinking about it and the depression I'm experiencing is debilitating. Attorneys are afraid to represent me because I'm combatting corruption at The State Bar of California and have compared Kenneth J. Catanzarite to Thomas V. Girardi. I cannot afford to endure more frivolous or fraudulent litigation where my policy was already depleted by $1.26 million as of July 13, 2022, by Catanzarite pursuing knowingly false claims lacking objective probable cause. I have no income as a direct and proximate cause of these schemes.

16. I provided written notice to SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE of the filing of my lawsuit, attached a copy, and furnished a draft of my temporary restraining order application with my intent to file it should they wish to oppose it.

17. I presented claims under Government Claims Act which were denied on or about December 22, 2022, vesting my right to sue SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE, with waiver of sovereign immunity (as provided by statute).

18. Attached as Exhibit 1 is a true and correct copy reflecting my December 2, 2022, physician's visit showing contraindication of medication and a seizure. I obtained this through my physician's online portal.

19. Attached as Exhibit 2 is a true and correct copy of the docket in Orange County Superior Court Case No. 30-2021-01237499 – which I sought to remove to U.S. Central District, Southern

1    Division – before it was removed for lack of removal jurisdiction on January 12, 2023. I printed
2    this from Pacer.

3    20. Attached as <u>Exhibit 3</u> is a true and correct copy of a notice of only some of the filings that were
4        surreptitiously removed from my record in Orange County Superior Court Case No. 30-2021-
5        01237499 on February 15, 2023, after they were accepted on or around July 18, 2022. I received
6        this notification by email.

7    21. Attached as <u>Exhibit 4</u> is a true and correct copy of a rejection notice I received after requesting
8        an entry of default against State of California which refuses to appear in Orange County Superior
9        Court Case No. 30-2021-01237499. I obtained this through Swift Attorney Service.

10   22. Attached as <u>Exhibit 5</u> is a true and correct copy of third-party proof of service of summons in
11       Orange County Superior Court Case No. 30-2021-01237499 on The State of California. The
12       State of California refuses to appear in the case since it was named May 2, 2022. I obtained this
13       through Swift Attorney Service.

14   23. Attached as <u>Exhibit 6</u> is a true and correct copy denying my ex parte application without a
15       hearing after I was directed by the Court to file for a protective order to prevent or restrain the
16       procedural abuse of which I complain. I received this the same time I received complete denial
17       of my ADA accommodations on April 18, 2023.

18   24. Attached as <u>Exhibit 7</u> is a true and correct copy of the tentative ruling that was adopted on May
19       5, 2023, compelling me to produce voluminous discovery without regard for mandatory
20       disqualification of Catanzarite, serial violations of California Rules of Professional Conduct
21       1.7(d)(3), 1.9, four disqualification orders in the same or substantially related matters, or my due
22       process rights. The Court says "monetary sanctions are mandatory" as it disregards that
23       disqualification was mandatory, and that the propounding of discovery on behalf of parties
24       Catanzarite sued, is tolling claims against, and/or is directly adverse to in the same proceeding
25       under the circumstances was unlawful in the first instance. I obtained this from One Legal
26       through Notice of Ruling delivered me by Catanzarite.

27
28

25. Attached as <u>Exhibit 8</u> is a true and correct copy of a press release from The State Bar of California dated March 10, 2023, wherein it is disclosed that its operations were infected with bribery and corruption. I obtained this from the internet.

26. Attached as <u>Exhibit 9</u> is a true and correct copy of a press release from the U.S. Attorney's Office dated September 22, 2017, wherein it is disclosed that a former clerk in SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE was sentenced to over 11-years in prison for fixing over 1,000 cases in a bribery scheme, in violation of RICO (18 U.S.C. § 1962(d).) I obtained this from the internet.

27. Attached as <u>Exhibit 10</u> is a true and correct copy of a press release from United States Department of Justice dated October 13, 2022, describing an investigation of Orange County District Attorney's Office and Orange County Sheriff's Department involving systematic Fourteenth Amendment violations. I obtained this from the internet.

28. Attached as <u>Exhibit 11</u> is a true and correct copy of an email I sent to SUPERIOR COURT OF CALIIFORNIA, COUNTY OF ORANGE notifying it of the pendency of the instant case, including a copy of my draft application for temporary restraining order, and intent to file it. I sent this email and am readily familiar with its contents.

I DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER PENALTY OF PERJURY. I'M SIGNING THIS FROM OCEANSIDE, CALIFORNIA ON MAY 15, 2023.

_____

Justin S. Beck

Declarant

TRO Application
Exhibit #1

CLANCY MEDICAL GROUP • 2375 S. MELROSE DR., VISTA CA 92081-8788
BECK, Justin (id #5612, dob: 09/05/1980)

CLANCY MEDICAL GROUP
2375 S. MELROSE DR.
VISTA, CA 92081-8788
Phone: (760) 305-1900, Fax: (760) 305-1910

Date: 12/02/2022

Dear Justin Beck,

The following is a summary of your visit today. If you have any questions, please contact our office.

Sincerely,

Electronically Signed by: JOHN H. CLANCY, DO

## Patient Care Summary for Justin Beck

### Most Recent Encounter
12/02/2022 John Harold Clancy: 2375 S. Melrose Dr., Vista, CA 92081-8788, Ph. tel:+1-760-3051900

### Reason for Visit
follow-up

### Assessment and Plan

The following list includes any diagnoses that were discussed at your visit.
Assessment Note
Patient presented for follow up of: . Studies ordered as below. Discussed plan with , who expressed understanding. Follow up as noted below.
1. Seizure disorder
New onset
lab work
neurology referral
contact psychiatrist
discontinue lexapro and discuss weaning Vyvanse as combination may cause higher seizure threshold
• epilepsy: care instructions
• neurologist referral

2. Moderate major depression
contact PSychiarist and new referralexplained process

Discussion Note: None recorded.

### Plan of Care
**Reminders**                                                                        **Provider**
Appointments                    None recorded.

Exhibit 97: 002
22-CV-01616-BAS-DDL

12/5/22, 3:32 PM
Patient Portal - health > care summaries

CLANCY MEDICAL GROUP • 2375 S. MELROSE DR., VISTA CA 92081-8788
BECK, Justin (id #5612, dob: 09/05/1980)

| Reminders | | Provider |
|---|---|---|
| Lab | None recorded. | |
| Referral | Neurologist Referral | 12/02/2022 |
| Procedures | None recorded. | |
| Surgeries | None recorded. | |
| Imaging | None recorded. | |

## Current Medications

Your medical record indicates you are on the following medicine. If this list is not consistent with the medications you are currently taking, or if you are taking additional over-the-counter medicines, please inform your provider.

| Name | Prescribed Date | Start Date |
|---|---|---|
| albuterol sulfate HFA 90 mcg/actuation aerosol inhaler | | |
| cephalexin 500 mg capsule | | |
| doxycycline hyclate 100 mg capsule | | |
| escitalopram 10 mg tablet<br>TAKE 1 TABLET BY MOUTH EVERY DAY | | |
| oxycodone-acetaminophen 5 mg-325 mg tablet<br>TAKE 1 TABLET BY MOUTH EVERY SIX HOURS AS NEEDED FOR PAIN | | |
| Vyvanse 60 mg capsule<br>TAKE 1 CAPSULE BY MOUTH EVERY DAY IN THE MORNING | | |

## Medications Administered

None recorded.

## Vitals

| Height | Weight | BMI | Blood Pressure | Pulse | O2 Saturation | Temperature | Respiration Rate |
|---|---|---|---|---|---|---|---|
| 5 ft 10 in Stated | 220.8 lbs With clothes | 31.7 kg/m2 | 130/81 mm[Hg] | 96 bpm regular | 97% Room Air at Rest | 97.5 F° temporal artery | 18 |

Notes:
Anna Parry MA

## Results
### Lab Results

None recorded.

## Allergies

Please review your allergy list for accuracy. Contact your provider if this list needs to be updated.

| Code | Code System | Name | Reaction | Severity | Onset |
|---|---|---|---|---|---|
| NKDA | | | | | |

Exhibit 97: 003

22-CV-01616-BAS-DDL

Patient Portal - health > care summaries

CLANCY MEDICAL GROUP • 2375 S. MELROSE DR., VISTA CA 92081-8788
BECK, Justin (id #5612, dob: 09/05/1980)

## Problems

| Name | Status | Onset Date | Source |
|---|---|---|---|
| Moderate Major Depression | Active | 08/11/2022 | |
| Attention Deficit Hyperactivity Disorder, Predominantly Inattentive Type | Active | 08/11/2022 | |

## Procedures

None recorded.

## Vaccine List

Here is a copy of your most up-to-date vaccination list.

None recorded.

## Tobacco Smoking Status

| Tobacco Smoking Status | Never Smoker |
|---|---|

## Past Encounters

| Encounter Date | Diagnosis | Provider |
|---|---|---|
| 12/02/2022 | Seizure Disorder; Moderate Major Depression | John Harold Clancy, DO: 2375 S. Melrose Dr., Vista, CA 92081-8788, Ph. (760) 305-1900 |

## Demographics

| Sex: | Male | Ethnicity: | Information not available |
|---|---|---|---|
| DOB: | 09/05/1980 | Race: | Information not available |
| Preferred language: | English | Marital status: | Information not available |

Contact:          3501 Roselle St, Oceanside, CA 92056, Ph. tel:+1-760-4492509

Note: Patients are solely responsible for maintaining the privacy and security of all information printed from the Patient Portal.

Exhibit #2
TRO Application

Query    Reports    Utilities    Help    Log Out

(ADSx),CLOSED,DISCOVERY,MANADR,REMANDED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:23-cv-00022-FWS-ADS

Justin S. Beck v. The State Bar of California et al
Assigned to: Judge Fred W. Slaughter
Referred to: Magistrate Judge Autumn D. Spaeth
Demand: $9,999,000
Case in other court:  Orange County Superior Court, 30-02021-
                01237499
Cause: 28:1441 Notice of Removal

Date Filed: 01/05/2023
Date Terminated: 01/12/2023
Jury Demand: Defendant
Nature of Suit: 950 Constitutional - State
Statute
Jurisdiction: Federal Question

**Plaintiff**

**Justin S. Beck**
*an individual*

represented by **Justin S. Beck**
3501 Roselle Street
Oceanside, CA 92056
760-449-2509
PRO SE

V.

**Defendant**

**The State Bar of California**
*a public corporation and public entity*

represented by **Suzanne Grandt**
The State Bar of California
180 Howard Street
San Francisco, CA 94105
415-538-2388
Fax: 415-538-2321
Email: suzanne.grandt@calbar.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anand Kuman**

represented by **Suzanne Grandt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ruben Duran**
*an individual employee acting in an official
capacity*

represented by **Suzanne Grandt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carissa Andresen**                              represented by   **Suzanne Grandt**
*an individual employee acting in an official*                     (See above for address)
*capacity*                                                         *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Suzanne Grandt**                                represented by   **Suzanne Grandt**
*an individual employee acting in an official*                     (See above for address)
*capacity*                                                         *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Legislature of the State of California**

**<u>Defendant</u>**

**Office of Attorney General**
*law firm for State of California*

**<u>Defendant</u>**

**Speaker of the California State Assembly**
*an individual elected official acting in an*
*official capacity*

**<u>Defendant</u>**

**President Pro Tempore of the California**
**State Senate**
*an individual elected official acting in an*
*official capacity*

**<u>Defendant</u>**

**Leah T. Wilson**
*an individual acting in an official capacity*

**<u>Defendant</u>**

**DOES**
*9-30*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/05/2023 | <u>1</u> | NOTICE OF REMOVAL from Orange County Superior Court, filed by Plaintiff Justin S. Beck. Case number 30-2021-1237499 with copy of complaint. Case assigned to Judge Fred W. Slaughter, Discovery to Magistrate Judge Autumn D. Spaeth. (Attachments: # <u>1</u> Part 2, # <u>2</u> Part 3, # <u>3</u> Part 4, # <u>4</u> CV71) (jtil) (Entered: 01/11/2023) |
| 01/05/2023 | <u>2</u> | REQUEST to Proceed In Forma Pauperis, Declaration in Support filed by Plaintiff Justin S. Beck. (jtil) (Entered: 01/11/2023) |
| 01/11/2023 | <u>3</u> | NOTICE OF ASSIGNMENT to District Judge Fred W. Slaughter and Magistrate Judge Autumn D. Spaeth. (jtil) (Entered: 01/11/2023) |
| 01/11/2023 | <u>4</u> | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (jtil) (Entered: 01/11/2023) |

Beck TRO Application (3:23-CV-0882-JES-NLS)

Exhibit 2: 002

| 01/11/2023 | 5 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (jtil) (Entered: 01/11/2023) |
|---|---|---|
| 01/11/2023 | 6 | CIVIL STANDING ORDER by Judge Fred W. Slaughter. (mku) (Entered: 01/11/2023) |
| 01/12/2023 | 7 | MINUTES ORDER REMANDING Action 1 and DENYING AS MOOT IFP Request 2 by Judge Fred W. Slaughter: Plaintiff may not remove the underlying action filed in Orange County Superior Court, Case No. 30-2020-01145998, the court concludes that removal is improper and REMANDS the action. The court also DENIES AS MOOT Plaintiffs Request to Proceed In Forma Pauperis. The clerk is directed to close this case. (MD JS-6, Case Terminated.) (jp) (Entered: 01/12/2023) |
| 01/12/2023 | 8 | TRANSMITTAL of documents to Orange County Superior Cour. A certified copy of the order of remand and a copy of the docket sheet from this court was sent to Orange County Superior Court - Central Justice Center. Case number: 30-02021-01237499. (jp) (Entered: 01/12/2023) |

<table>
<tr><td colspan="4" align="center"><strong>PACER Service Center</strong></td></tr>
<tr><td colspan="4" align="center"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="4" align="center">01/22/2023 12:54:03</td></tr>
<tr><td><strong>PACER Login:</strong></td><td>justintimesd</td><td><strong>Client Code:</strong></td><td></td></tr>
<tr><td><strong>Description:</strong></td><td>Docket Report</td><td><strong>Search Criteria:</strong></td><td>8:23-cv-00022-FWS-ADS End date: 1/23/2023</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>3</td><td><strong>Cost:</strong></td><td>0.30</td></tr>
</table>

Beck TRO Application (3:23-CV-0882-JES-NLS)

Exhibit 2: 003

Exhibit #3
TRO Application

5/15/23, 5:29 PM                    Gmail - Court eFiling Order Rejected for Justin S. Beck vs. The State Bar of California, Case # 30-2021-01237499-CU-PN-CJC

 Gmail                                                    Justin Beck <justintimesd@gmail.com>

## Court eFiling Order Rejected for Justin S. Beck vs. The State Bar of California, Case # 30-2021-01237499-CU-PN-CJC

donotreply@swiftattorneyservice.mail.legalconnect.com                          Wed, Feb 15,
<donotreply@swiftattorneyservice.mail.legalconnect.com>                        2023 at 11:11 AM
To: justintimesd@gmail.com

### Court eFiling Order Rejected

Your Court eFiling order has been rejected. Please review the rejection notice and resubmit your filing.

**Rejection Notice (court returned document)**

**Notice of Confirmation of Filing (court returned document)**

**Payment Receipt (court returned document)**

**Notice of Motion (court returned document)**

**Notice of Confirmation of Filing (court returned document)**

**Separate Statement (court returned document)**

**Notice of Confirmation of Filing (court returned document)**

**Declaration in Support (court returned document)**

Filing Status: **Rejected**

At: **Central Justice Center**

Should you have any questions, please contact us or log in and manage your cases and orders at http://www.
swiftattorneyservice.com

Thank you for using Swift Attorney Service.

Order(s): **6172307**

Billing Code: **SysGen**

This automated message is being sent by Swift Attorney Service It is intended exclusively for the individuals and/or entities to which it is addressed. This communication including any links or attachments, may contain information that is proprietary, confidential, privileged or otherwise exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate any part of this message, or any part of any links or attachments thereto. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message and attachments from your records.

© 2023 Swift Attorney Service All Rights Reserved.
500 Allerton Street Suite 105, Redwood City, CA 94063
Contact Us

Beck TRO Application (3:23-CV-0882-JES-NLS)

Exhibit 3: 001

Exhibit #4
TRO Application

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |
| SHORT TITLE: Beck vs. The State Bar of California | |

| NOTICE OF REJECTION OF ELECTRONIC FILING | CASE NUMBER:<br>30-2021-01237499-CU-PN-CJC |
|---|---|

The electronic filing described by the summary data below was reviewed and rejected by the Superior Court of California, County of Orange

## E-Filing Summary Data

Electronically Submitted By: Justin Beck
On Behalf of:
Transaction Number:          11109823
Court received Date:          03/03/2023
Court received Time:          03:34:40 PM
Amount not to Exceed:

## Documents Electronically Filed

Request for Entry of Default

This electronic filing was rejected based on the following reason(s):

**Reject Reason 1:**   Other
Clerk's comments to submitter:
This case has been removed to Federal Court, case suspended.

## E-Filing Service Provider Information

Name:            LegalConnect
Email:           support@legalconnect.com
Contact Person:  Customer Support
Phone:           8009096859

E-filing Rejection Notice
Date Printed:    03/10/2023
User ID:         ndorfman

Exhibit #5
TRO Application

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Justin Beck**<br>**3501 Roselle St**<br>**Oceanside, CA 92056**<br>TELEPHONE NO.:   **(760) 449-2509**          FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*      **Self Represented** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE - CENTRAL |
|---|
| STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS: 700 Civic Center Drive West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE -<br>CENTRAL |

| PLAINTIFF/PETITIONER: Justin S. Beck | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ruben Duran | 30-2021-01237499-CU-PN-CJC |

| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.: |
|---|---|

(Separate proof of service is required for each party served.)

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of: ***Summons; Plaintiff Justin S. Beck's First Amended Complaint for Damages &amp; Injunctive Relief***

3.    a.  Party served *(specify name of party as shown on documents served):* ***THE STATE OF CALIFORNIA***

    b.  [☒]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* **Officer B. Silkwood, Authorized Agent**

4.    Address where the party was served: ***1300 I St, Sacramento, CA 95814***

5.    I served the party *(check proper box)*

    a.  [☒]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: 7/21/2022 (2) at: **11:45 AM**

    b.  [ ]   **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
       ( Gender: Female Height:  Weight:  Race:  Hair:  Other: )

       (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3)  [ ]  **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
           on:            from:            or [ ] a declaration of mailing is attached.

---

Page 1 of 3

POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Invoice # 6173009

Beck TRO Application (3:23-CV-0882-JES-NLS)

Exhibit 5: 001

| PLAINTIFF/PETITIONER: Justin S. Beck<br>DEFENDANT/RESPONDENT: Ruben Duran | CASE NUMBER:<br>30-2021-01237499-CU-PN-CJC |
|---|---|

        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on:         (2) from:

    (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.   ☐   **by other means** *(specify means of service and authorizing code section):*

    ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
    a.   ☐   as an individual defendant.
    b.   ☐   as the person sued under the fictitious name of *(specify):*
    c.   ☐   as occupant.
    d.   ☒   On behalf of *(specify):* **THE STATE OF CALIFORNIA**
        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☒ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.   **Person who served papers**
    a.   Name: **Michael Lynn Henry**
    b.   Address: **500 Allerton Street Suite 105, Redwood City, CA 94063**
    c.   Telephone number: **650-364-9612**
    d.   **The fee** for service was: \100.00
    e.   I am:
        (1) ☐   not a registered California process server.
        (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒   a registered California process server:
            (i) ☐ owner    ☐ employee    ☒ independent contractor.
            (ii) Registration No.: **2019-24**
            (iii) County: **Sacramento**

| PLAINTIFF/PETITIONER: Justin S. Beck | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ruben Duran | 30-2021-01237499-CU-PN-CJC |

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Michael Lynn Henry                    Date: 07/22/2022

**PROOF OF SERVICE OF SUMMONS**

Exhibit #6
TRO Application

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 04/18/2023                    TIME: 03:56:00 PM          DEPT: CX105

JUDICIAL OFFICER PRESIDING: Randall J. Sherman
CLERK: J. Phu
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2020-01145998-CU-BT-CXC**    CASE INIT.DATE: 05/26/2020
CASE TITLE: **Beck vs. Catanzarite**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Business Tort

EVENT ID/DOCUMENT ID: 73996413
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

Ex-Parte application for Entry of Protective Order in Favor of Justin S. Beck, Denial of Motions to Compel, Advancement of Demurrer and Motion to Strike Portions of Complaint Hearing Dates, and/or Other Relief the Court Deems Just is requested by plaintiff, Justin S. Beck.

Ex Parte Application is denied without a hearing. No good cause to have this matter heard on shortened notice by an Ex Parte Application.

The Ex Parte set for 4/19/2023 at 1:30 PM in Department CX105 is vacated.

Court orders clerk to give notice.

DATE: 04/18/2023                    MINUTE ORDER                    Page 1
DEPT: CX105                                                      Calendar No.

Beck TRO Application (3:23-CV-0882-JES-NLS)

Exhibit 6: 001                                        159.708620. 4 of 4

Exhibit #7
TRO Application

**TENTATIVE RULINGS**

**JUDGE RANDALL J. SHERMAN**

**DEPARTMENT CX105**

**MAY 5, 2023**

Appearances, whether remote or in person, must be in compliance with Code of Civil Procedure §367.75, California Rules of Court, Rule 3.672, and Superior Court of California, County of Orange, Appearance Procedure and Information, Civil Unlimited and Complex, located at https://www.occourts.org/media-relations/covid/Civil_Unlimited_and_Complex_Appearance_Procedure_and_Information.pdf.  Unless the court orders otherwise, remote appearances will be conducted via Zoom through the court's online check-in process, available at https://www.occourts.org/media-relations/civil.html.  Information, instructions and procedures to appear remotely are also available at https://www.occourts.org/media-relations/aci.html.  Once online check-in is completed, counsel and self-represented parties will be prompted to join the courtroom's Zoom hearing session.  Participants will initially be directed to a virtual waiting room while the clerk provides access to the video hearing.

Court reporters will not be provided for motions or any other hearings.  If a party desires a court reporter for a motion, it will be the responsibility of that party to provide its own court reporter.  Parties must comply with the court's policy on the use of pro tempore court reporters, which can be found on the court's website at www.occourts.org/media/pdf/Privately_Retained_Court_Reporter_Policy.pdf.

If you intend to submit on the tentative ruling, please advise the other parties and the court by calling (657) 622-5305 by 9:00 a.m. on the hearing date.  Make sure the other parties submit as well before you forgo appearing, because the court may change the ruling based on oral argument.  Do not call the clerk about a tentative ruling with questions you want relayed to the court.  Such a question may be an improper ex parte communication.

| # | Case Name & No. | Tentative Ruling |
|---|---|---|
| 1 | | |

Beck TRO Application (3:23-CV-0882-JES-NLS)

Exhibit 7: 001

| 6 | | |
|---|---|---|
| 7 | | |
| 8 | **Beck vs. Catanzarite 2020-01145998** | Defendant Kenneth J. Catanzarite's Motion to Compel Responses and Production of Documents to Request for Production of Documents, Set One From Plaintiff Justin S. Beck is granted.  Defendant's Request for Sanctions is granted in the amount of $310, payable within 30 days.<br><br>Defendants Kenneth Catanzarite, Catanzarite Law Corporation, Brandon Woodward, Tim James O'Keefe, Amy Jeanette Cooper, Cliff Higgerson, Mohammad Zakhireh, Richard Francis O'Connor, Jr., James Duffy, TGAP Holdings, LLC and Mobile Farming Systems, Inc.'s Motion to Compel Responses and Production of Documents to Request for Production of Documents, Set Two From Plaintiff Justin S. |

Beck is granted.  Defendants' Request for Sanctions is granted in the amount of $1,435, payable within 30 days.

Defendants Kenneth Catanzarite, Catanzarite Law Corporation, Brandon Woodward, Tim James O'Keefe, Amy Jeanette Cooper, Cliff Higgerson, Mohammad Zakhireh, Richard Francis O'Connor, Jr., James Duffy, TGAP Holdings, LLC and Mobile Farming Systems, Inc.'s Motion to Compel Responses to Special Interrogatories From Plaintiff Justin S. Beck is granted.  Defendants' Request for Sanctions is granted in the amount of $1,185, payable within 30 days.

Defendant Kenneth J. Catanzarite's Motion to Compel Responses to Form Interrogatories From Plaintiff Justin S. Beck is granted.  Defendant's Request for Sanctions is granted in the amount of $60, payable within 30 days.

Plaintiff must serve complete, code-compliant, objection-free responses to the Requests for Production of Documents, Sets One and Two, Special Interrogatories and Form Interrogatories, and any responsive documents to the Requests for Production of Documents, Sets One and Two, within 20 days.  Good cause exists to compel production of documents.

It is undisputed that defendants served the subject discovery on plaintiff, and plaintiff failed and refused to provide any responses to the discovery.  Plaintiff does not argue that the discovery requests themselves are irrelevant or invalid.  Rather, plaintiff claims that Catanzarite should be disqualified as counsel, but plaintiff fails to cite any legally valid basis that would excuse plaintiff from his discovery obligations.  Plaintiff has not acted with substantial justification, and monetary sanctions are mandatory under the Code of Civil Procedure.

Moving party defendants are ordered to give notice of the ruling.

Exhibit #8
TRO Application

5/15/23, 6:03 PM        State Bar of California Releases Reports Detailing Past Unethical Conduct in Handling Girardi Complaints - The State Bar of California - News …

 The State Bar *of California*

## News Releases

**Media Contact**

Office of Communications | 213-765-1388 | barcomm@calbar.ca.gov

### State Bar of California Releases Reports Detailing Past Unethical Conduct in Handling Girardi Complaints

**Agency to Implement Additional Enhancements to Strengthen Oversight, Improve Discipline System, and Prevent Conflicts of Interest**

   

Friday, March 10, 2023   Categories: News Releases

The State Bar of California Board of Trustees released today two redacted reports on its past handling of complaints against disgraced and disbarred attorney Thomas V. Girardi. The Board decided to release the reports in furtherance of the agency's public protection mission and its commitment to transparency and accountability. In releasing these reports, the State Bar has redacted information that is protected under the law, including California Business and Professions Code section 6086.1, and the right to privacy.

The first report was prepared by attorney Alyse Lazar, who in 2021 was retained by the State Bar to review 115 files of past complaints against Girardi. Her review, limited to documents in investigative files, identified numerous instances in which complaints were closed without complete investigations or despite the development of facts warranting discipline. A redacted version of the report is posted here.

The second report was completed by Halpern May Ybarra Gelberg LLP, an outside law firm hired by the State Bar to conduct a wide-ranging investigation that was not limited to file review and included interviews of 74 witnesses and extensive evidence gathering. The May report details instances where Girardi's efforts to buy relationships and exercise influence at the State Bar—at all levels—likely impacted the handling of some complaints against him, causing those complaints to be closed improperly. A redacted version of the report is posted here.

Together, the two reports provide a clear and comprehensive review of how Girardi's unethical and unacceptable behavior went unchecked for so long and reveal systemic organizational dysfunction that persisted for many years and through many changes of leadership. Importantly, none of the individuals whose unethical behavior is detailed in the May report are still affiliated with or employed by the State Bar in any capacity.

"To ensure that what happened in the Girardi matter never happens again, we commissioned unflinching investigations by outside experts, are making the results public to the extent we can legally do so, and are addressing the findings comprehensively," said Ruben Duran, Chair of the State Bar Board of Trustees. "While none of the individuals named in the May report are still at the State Bar, the magnitude and duration

of the transgressions reveal persistent institutional failure and a shocking past culture of unethical and unacceptable behavior. In recent years we have put in place many safeguards that serve both to prevent unethical or corrupt behavior and—if it does occur—to catch and address it quickly. That work continues. Providing this disclosure is a necessary step to demonstrate our commitment to transparency and accountability and restore public trust."

## The findings

During a 16-month investigation, May and his team reviewed over 950,000 documents, issued 23 subpoenas, and interviewed, either voluntarily or under compulsion, 74 witnesses. The May report indicates that Girardi intentionally cultivated relationships at many levels in the State Bar to increase his influence in the agency. The report outlines several instances of past State Bar staff exercising poor judgment, ignoring or poorly handling conflicts of interest, and otherwise behaving unethically. None of the individuals identified as engaging in unethical conduct remain affiliated with or employed by the State Bar.

Examples include:

- Former State Bar employee Tom Layton, who was terminated in 2015, (and his wife) received gifts and payments estimated at over $1 million from Girardi, through his firm, while Layton was employed at the State Bar. Those payments and gifts were never properly disclosed.
- Other State Bar employees and Board members accepted and failed to report gifts and other items of value from Girardi.
- Relatives of staff members were employed by Girardi's firm.
- Staff in the Office of Chief Trial Counsel (OCTC) were improperly involved in matters assigned to outside conflict counsel.
- Eight Girardi cases were closed by individuals who May determined had conflicts of interest at the time they worked on the cases. The report found that their conflicts tainted their decisions to close the cases.
- Interim Executive Director Bob Hawley ghostwrote decisions in matters assigned to outside conflict counsel without disclosing that fact, including a decision to recommend closure of a complaint against Girardi.
- Between 2013 and 2015, both the Executive Director's Office and Office of General Counsel received reports about Girardi's influence at the State Bar and connection to Layton and others but failed to investigate.
- Former Executive Director Joe Dunn, who was terminated in 2014, and Hawley made questionable terminations of two OCTC attorneys who were advocating for disciplinary actions against Girardi.
- On at least one occasion, Girardi successfully deployed his connections at the State Bar to discourage people from making complaints against him.

The May report found that—while the State Bar has since done much to remedy these problems—in the past, conflict policies were weak, record-keeping on conflicts was incomplete, and awareness of conflict rules, which should have influenced case assignments and handling, was low.

The 2021 Lazar report revealed errors made in case closures over the four decades of Girardi's career. In particular, the report identified significant issues regarding the investigation and evaluation of high-dollar, high-volume trust accounts. The 2021 Lazar report prompted the Board to undertake the May investigation and to take several actions by the Board to strengthen the discipline system.

**Actions already taken**

Current Board and staff leadership have already taken many steps to reform the agency. Many of the failures outlined in the May report occurred before 2018, when the State Bar shed its professional association functions and focused more sharply on its public protection mission. Examples of these reforms include:

- More robust policies and procedures regarding conflicts-of-interest and gifts that recognize the importance of avoiding the appearance of impropriety and mandate frequent reporting.
- New OCTC policies that limit the ability to close cases when a complaining party withdraws a complaint.
- Improvements in how OCTC reviews patterns of complaints.
- Numerous steps to strengthen the Special Deputy Trial Counsel (SDTC) Program, which handles cases when internal staff have conflicts.
- Elimination of Board elections. All Trustees are now appointed, and elections for Board officer positions have also been eliminated.
- Greater oversight by the Board of the CTC and SDTC.

**Looking ahead**

Before the May report was submitted, the Board created an Ad Hoc Committee on Oversight and Accountability Reforms to review the findings and recommendations from the May report and recommend additional changes in State Bar governance and operations. Committee members are Trustees Arnie Sowell, Jr., Hailyn J. Chen, and Melanie M. Shelby.

After its members fully consider the May report's findings in conjunction with the Lazar report, the committee will make recommendations that will be posted for public comment before being acted on by the Board of Trustees.

"The commissioning and release of the May and Lazar reports represent important steps in the State Bar's efforts to better fulfill its public protection mission by fostering a culture grounded in integrity, accountability, and transparency," Duran said. "While much has already been achieved, these investigations equip us to further strengthen governance, ethical culture, policies, and procedures."

Frequently asked questions about the release of these reports and past actions on the Girardi matter are posted here.

###

Case 3:23-cv-00882-AGS-DDL   Document 4   Filed 05/16/23   PageID.694   Page 41 of 54

5/15/23, 6:03 PM                State Bar of California Releases Reports Detailing Past Unethical Conduct in Handling Girardi Complaints - The State Bar of California - News …

Follow the State Bar online

LinkedIn, Twitter, Facebook, and Instagram

*The State Bar of California's mission is to protect the public and includes the primary functions of licensing, regulation and discipline of attorneys; the advancement of the ethical and competent practice of law; and support of efforts for greater access to, and inclusion in, the legal system.*

Previous Article

Next Article

Copyright © 2023 The State Bar of California

Exhibit #9
TRO Application

Welcome to the new look of justice.gov. In the coming months you'll see more pages in this new design. Please share your feedback with our webmaster.          ×

 An official website of the United States government
Here's how you know



Menu

Search          🔍

**PRESS RELEASE**

# Former Clerk in Orange County Superior Court Sentenced to Over 11 Years in Federal Prison for Racketeering Offense Stemming from Bribery Scheme to 'Fix' Criminal Cases and Traffic Charges

Friday, September 22, 2017

Share

For Immediate Release

U.S. Attorney's Office, Central District of California

*SANTA ANA, California* – A former clerk of the Orange County Superior Court was sentenced today to 135 months in federal prison for orchestrating a scheme in which he was paid approximately $420,000 dollars in bribes to "fix" criminal cases and traffic offenses on terms favorable to hundreds of defendants without the knowledge of prosecutors or judges.

Jose Lopez Jr., 36, of Anaheim, was sentenced this morning after pleading guilty in March to one count of conspiring to violate the federal Racketeer Influenced and Corrupt Organizations Act (RICO).

Lopez was sentenced by United States District Judge Josephine L. Staton, who said Lopez created, led and profited from the scheme.

"This [criminal conduct] was not an aberration from his character – this was his character," the judge said.

Lopez admitted that he was at the center of a scheme in which bribes as high as $8,000 were paid to co-conspirators to fraudulently resolve cases for hundreds of defendants. The co-conspirators were middlemen who recruited individuals with pending cases to pay money that was given to Lopez to resolve their cases without the authorization of the court.

"People who were facing their second drunk driving offense were able to bribe their way out of mandatory jail sentences," said Acting United States Attorney Sandra R. Brown. "Mr. Lopez led a long-running scheme that brought him well over $400,000 and caused untold damage to the operations and reputation of the criminal justice system in Orange County."

According to court documents, Lopez improperly resolved approximately 1,034 cases, including 69 misdemeanor driving under the influence cases, 160 other misdemeanor cases and 805 traffic-related infraction cases.

Over the course of more than five years, Lopez "resolved" cases by entering information into the court's computers to make it appear that a defendant had pleaded guilty, paid required fees or had performed community service. In some cases, Lopez fraudulently created records that made it appear drunk driving charges had been dismissed or defendants had served mandatory jail time.

In addition to taking the bribes and falsifying court records, Lopez forged the signature of a prosecutor with the Orange County District Attorney's Office.

The conspiracy ended in the spring of 2015 when the Orange County Superior Court learned about the misconduct and took steps to reopen the cases that Lopez tampered with.

"Because of [Lopez]'s corrupt actions, the Orange County Superior Court audited each and every case that [Lopez] handled," prosecutors wrote in a sentencing memorandum filed with the court. "The state court recalled the cases where fraud was found to restore the integrity of its records." According to a victim impact statement submitted by the Orange County Superior Court, Lopez's corruption scheme cost the Orange County Superior Court about $170,000 to clean up.

Lopez used the money he received as part of the scheme to pay for, among other things, international vacations, trips to Las Vegas and the opening of a restaurant in Garden Grove.

"Defendant Lopez was entrusted with protecting the interests of justice but instead made a lucrative income operating an underground business for clients seeking a pass on criminal

activity," said Danny Kennedy, the Assistant Director in Charge of the FBI's Los Angeles Field Office. "The successful investigation and prosecution of Mr. Lopez and his many co-conspirators is a result of a collaborative effort by multiple agencies and should serve as a warning to public officials who use their access to benefit personally."

"Mr. Lopez used his public position of trust to enrich himself and undermined public safety," stated IRS Criminal Investigation's Acting Special Agent in Charge Aimee Schabilion. "IRS Criminal Investigation will continue to use our financial investigative expertise to combat public corruption and hold officers of the court accountable for their actions."

Lopez is one of a dozen defendants who have been convicted of participating in the racketeering conspiracy. The other 10 defendants who have pleaded guilty before Judge Staton are:

- Ricardo Quinones, 33, of Santa Ana, who was sentenced to 15 months in federal prison;

- Juan C. Rosas Santillana, 33, of Chino Hills, who is scheduled to be sentenced on October 13;

- Ramon Salvador Vasquez, 28, of Santa Ana, who was sentenced to two years in prison;

- Manuel Galindo Jr., 27, of Santa Ana, who was sentenced to one year and one day in prison;

- Gibram Rene Lopez, also known as "Ivan," 27, of Anaheim, who was also sentenced today to 15 months in prison;

- Agustin Sanchez Jr., 33, of Santa Ana, who was sentenced to one year and one day in prison;

- Luis Alberto Flores Guillen, also known as "Bills," 27, of Santa Ana, who was sentenced last Friday to 10 months (five months in jail and five months of home confinement);

- Oscar Centeno, also known as "Mosquito," 27, of Santa Ana, who is scheduled to be sentenced on November 17;

- Jeff Reynes Fernandez, also known as "Lean," 25, of Fullerton, who was sentenced last Friday to one year and one day in prison ; and

- Jesus Saldana, 29, of Garden Grove, who was sentenced to 10 months (five months in jail and five months of home confinement).

The twelfth defendant, Javed Asefi, also known as "Joey," 44, of Ladera Ranch, was found guilty by a federal jury earlier this month and is scheduled to be sentenced on December 8.

Prior to the 12-defendant indictment being returned by a federal grand jury last fall, three other recruiters pleaded guilty to federal bribery charges, including Rebeca Sarai Rosell, who

worked at a Santa Ana bail bonds company and funneled a bribe to Lopez so a second-time drunk driving offender could avoid serving his mandatory 60-day jail sentence.

This case was investigated by special agents with the Federal Bureau of Investigation and IRS Criminal Investigation.

This case was prosecuted by Assistant United States Attorney Vib Mittal of the Santa Ana Branch Office.

**Contact**

Thom Mrozek
Spokesperson/Public Affairs Officer
United States Attorney's Office
Central District of California (Los Angeles)
213-894-6947

*Updated April 18, 2023*

**Component**

USAO - California, Central

Press Release Number: 17-166

# Related Content

**PRESS RELEASE**

**Santa Barbara County Man Who Deliberately Crashed Airplane for YouTube Video Admits to Obstructing Federal Investigation**

May 11, 2023

5/15/23, 6:05 PM                Central District of California | Former Clerk in Orange County Superior Court Sentenced to Over 11 Years in Federal Prison for Racketeering Of…

**PRESS RELEASE**

### Former Wells Fargo Executive Agrees to Plead Guilty to Obstructing Bank Examination Involving the Opening of Millions of Accounts Without Customer Authorization

March 15, 2023

**PRESS RELEASE**

### West Los Angeles Man Pleads Guilty to Federal Charges for Using Snapchat to Entice Child into Producing Sexually Explicit Videos

January 6, 2023

**✉ Central District of California**

312 North Spring Street
Suite 1200
Los Angeles, California 90012

**☎** Phone: 213-894-2400
Fax: 213-894-0141

**▢** Stay Connected

🐦  f  ▶  in

Case 3:23-cv-00882-AGS-DDL   Document 4   Filed 05/16/23   PageID.701   Page 48 of 54

5/15/23, 6:05 PM                Central District of California | Former Clerk in Orange County Superior Court Sentenced to Over 11 Years in Federal Prison for Racketeering Of…



Archives

Budget & Performance

FOIA

Accessibility

Legal Policies & Disclaimers

Privacy Policy

For Employees

Information Quality

Office of the Inspector General

No FEAR Act Data

Small Business

Vote.gov

Español

## Have a question about Government Services?

Contact USA.gov

Exhibit #10
TRO Application



An official website of the United States government
Here's how you know

THE UNITED STATES
DEPARTMENT *of* JUSTICE
STICE NEWS

**Department of Justice**

Office of Public Affairs

FOR IMMEDIATE RELEASE                                                    Thursday, October 13, 2022

## Justice Department Finds Civil Rights Violations by Orange County, California, District Attorney's Office and Sheriff's Department in Use of Jailhouse Informants

Assistant Attorney General Kristen Clarke of the Justice Department's Civil Rights Division announced today, based upon a thorough investigation focused on custodial informant activity from 2007 through 2016, that the Orange County District Attorney's Office and the Orange County Sheriff's Department operated a custodial informant program that systematically violated criminal defendants' Sixth Amendment right to counsel and Fourteenth Amendment right to due process of law.

Specifically, the department found reasonable cause to believe that Orange County prosecutors and Sheriff deputies violated the Sixth Amendment by using jailhouse informants to elicit incriminating statements from people who had been arrested, after those individuals had been charged with a crime. The department also found that Orange County prosecutors violated the Fourteenth Amendment by failing to disclose exculpatory evidence about those custodial informants to criminal defendants. The department believes that OCDA and OCSD stopped using informants as agents of law enforcement to obtain statements from charged defendants in the Orange County Jail in 2016.

The Justice Department provided a comprehensive, written report of its investigative findings to the Orange County District Attorney and Sheriff. The report explicitly acknowledges the reforms that the District Attorney's Office and the Sheriff's Department have implemented already, and identifies the additional remedial measures that the department believes are necessary to fully address its findings.

"All persons who are accused of a crime are guaranteed basic constitutional protections that are intended to ensure fairness in criminal proceedings and due process of law," said Assistant Attorney General Kristen Clarke. "Prosecutors and law enforcement officers have an obligation to uphold these rights in their fight against crime and in their pursuit of justice, including in the way that they use custodial informants against criminal defendants. The failure to protect these basic constitutional guarantees not only deprives individual defendants of their rights, it undermines the public's confidence in the fundamental fairness of criminal justice systems across the county."

The evidence uncovered by the department reveals that custodial informants in the Orange County Jail system acted as agents of law enforcement to elicit incriminating statements from defendants represented by counsel, and that for years Orange County Sheriff deputies maintained and concealed systems to track, manage, and reward those custodial informants. The evidence also reveals that Orange County prosecutors failed to seek out and disclose exculpatory information regarding custodial informants to defense counsel.

The department opened this investigation in 2016. The department reviewed thousands of pages of documents, conducted numerous site visits and interviewed dozens of witnesses, including Orange County prosecutors. The department also monitored developments in criminal cases, including those that culminated recently. Orange County officials cooperated throughout the investigation.

The Special Litigation Section of the Department of Justice Civil Rights Division in Washington, D.C., conducted the investigation pursuant to the Violent Crime Control and Law Enforcement Act of 1994, which prohibits state and local

governments from engaging in a pattern or practice of conduct by law enforcement officers that deprives individuals of rights protected by the Constitution or federal law. The statute allows the department to remedy such misconduct through civil litigation.

The Special Litigation Section will be contacting members of the Orange County community for input on reforms to address the department's findings. Individuals may also submit recommendations by email at Community.OrangeCountyCA@usdoj.gov.

Information specific to the Civil Rights Division's Police Reform Work can be found here: https://www.justice.gov/crt/file/922421/download.

**Attachment(s):**
Download Findings Report

**Topic(s):**
Civil Rights

**Component(s):**
Civil Rights Division
Civil Rights - Special Litigation Section

**Press Release Number:**
22-1097

*Updated October 13, 2022*

Exhibit #11
TRO Application

5/15/23, 6:30 PM                Gmail - Notice of Federal ADA Lawsuit v. Superior Court of California, County of Orange + U.S. DOJ Civil Rights Complaints #204141-CGZ …

 Gmail

Justin Beck <justintimesd@gmail.com>

## Notice of Federal ADA Lawsuit v. Superior Court of California, County of Orange + U.S. DOJ Civil Rights Complaints #204141-CGZ + #290551-ZLR

**Justin Beck** <justintimesd@gmail.com>                                Mon, May 15, 2023 at 11:58 AM
To: ADAInformation <ADAInformation@occourts.org>, maria.hernandez@jud.ca.gov
Cc: civil.rights@usdoj.gov, soverton@cmda-law.com
Bcc: Angelina Dettamanti <adettamanti61717@gmail.com>

**RE: Notice of Federal Lawsuit under Title II, ADA & Unruh Civil Rights Act Complaint for Declaratory Relief, Injunctive Relief, and Damages in *Justin S. Beck v. Superior Court of California, County of Orange*, U.S. Southern District of California (3:23-CV-0882-JES-NLS), Preservation of Evidence Letter, Notice of Application for Temporary Restraining Order to Stay Proceedings in OCSC 30-2020-01145998**

ATTN: Anthony Palumbo, Facilities Director; Becky Torres, ADA Coordinator; Maria Hernandez, Presiding Judge, Superior Court of California, County of Orange

CC: United States Department of Justice, Civil Rights Division (#204141-CBZ + #290551-ZLR); Sarah L. Overton, Cummings, McClorey, Davis, Acho & Associates, P.C.

To Whom it May Concern:

Please find the attached federal complaint filed under Title II of the Americans with Disabilities Act in the U.S. Southern District of California. A summons has yet to issue, however, this is a good faith attempt to notify Superior Court of California, County of Orange of my intent to move for temporary injunctive relief through an ex parte application. I am including a draft of that application (attached).

As the Superior Court of California, County of Orange is aware -- I have vested claims to sue for damages under the Government Claims Act, and this action was filed within 6-months of claim denial. Separately, I am including for reference binding case law (*United States v. Georgia*, 546 U.S. 151, 126 S. Ct. 877 (2006)) concerning the alleged due process violations to which I've been subject which also give rise to my claims for damages under ADA Title II and abrogation of sovereign immunity.

Please retain all evidence in this matter. I am specifically interested in all internal communications upon receipt of my disability accommodation requests after March 28, 2023, as well as prior communications by and between attorney Suzanne Grandt, attorney Charles Tsai, Department C11 and Department CX105 and any clerks operating therein between December 21, 2021 and present.

In accordance with your duty, please notify the data administrator for the Superior Court of California, County of Orange of the pendency of the attached case (and 3:22-CV-01616-AGS-DDL) to preserve any email communications internally, or between calbar.ca.gov and jud.ca.gov servers as well as all records of any inbound or outbound phone calls from December 21, 2021 and present that may be reasonably related.

Attached you will find:

- Copy of filed complaint in *Justin S. Beck v. Superior Court of California, County of Orange* (3:23-CV-0882-JES-NLS)
- Exhibits to supplement the complaint (a compendium of exhibits is attached to the complaint)
- *United States v. Georgia*, 546 U.S. 151, 126 S. Ct. 877 (2006) (due process violations under ADA Title II abrogate sovereign immunity)
- Draft copy of my temporary restraining order application should you choose to oppose it*
- Seizure support reflecting the irreparable harm to which I've been subject proximately caused

Respectfully,

Justin S. Beck

*Due to the short notice of this matter, it is unclear if I'm able to obtain the relief I'm requesting -- but the Superior Court of California, County of Orange is nevertheless hereby noticed of the irreparable harm that its conduct has caused and will cause to a

Beck TRO Application (3:23-CV-0882-JES-NLS)

Exhibit 11: 001

5/15/23, 6:30 PM          Gmail - Notice of Federal ADA Lawsuit v. Superior Court of California, County of Orange + U.S. DOJ Civil Rights Complaints #204141-CGZ …

*disabled person absent such relief. I'm requesting a stay in OCSC Case No. 30-2020-01145998 on or before May 24, 2023, but allege that U.S. District Court's action/inaction in the matter is discrete of Superior Court of California, County of Orange's duties under Title II, ADA. I will seek any and all damages caused resulting from obstruction of my state proceedings, or as a result of failing to stay the case pending either my accommodations, cessation of unlawful conduct in CX105, and/or resolution of my RICO and antitrust allegations in 3:22-CV-01616-AGS-DDL.*

--

==============

**Justin Beck**
**760-449-2509**

---

**5 attachments**

 **3-23-CV-0882-JES-NLS Filed 5_15_23.pdf**
8731K

 **ADA Complaint EXHIBITS ONLY 5_15_23.pdf**
14172K

 **United States v. Georgia.pdf**
174K

 **Seizure Support for OC ADA.pdf**
600K

 **TRO from ADA Case DRAFT.pdf**
179K