UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Justin S. BECK,<br><br>         Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE,<br><br>         Defendants. | Case No.: 23-cv-0882-AGS-DDL<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS (ECF 3) AND DISMISSING THE COMPLAINT AND OTHER MOTIONS (ECF 2 & 13)** |

  Plaintiff's motion to proceed without paying the initial filing fee is granted. But his complaint does not state a claim for relief and lacks federal subject-matter jurisdiction. So, the Court dismisses the case with leave to amend.

## MOTION TO PROCEED IN FORMA PAUPERIS

  Typically, parties instituting a civil action in a United States district court must pay filing fees of $402.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

  Plaintiff has a checking account containing about $1,000, no savings, and one asset—a car worth $10,000, on which he currently owes $5,000. Plaintiff claims $3,725 in monthly living expenses and only $480 in monthly income from food stamps. (ECF 3, at 2–3.) So, plaintiff has sufficiently shown an inability to pay the initial fees. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("It is well-settled that a party need not be completely destitute to proceed IFP."); *Miller v. Berryhill*, No. 18-CV-0114-MDD, 2018 WL 9815037, at *1 (S.D. Cal. Jan. 22, 2018)

---

[1] In addition to the $350 statutory fee, civil litigants must pay a $52 administrative fee. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

(granting IFP motion when the plaintiff and his spouse had about $2,350 in monthly expenses and only $1,250 in monthly income, with "a home worth $250,000 and two cars worth $2,500 and $4,000").

## 28 U.S.C. § 1915(e) SCREENING

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). It appears that plaintiff's complaint is not intelligible enough to properly state a claim for relief, as discussed below. And, to the extent the Court understands his claims, the Court either lacks subject-matter jurisdiction over them or they fail to state a claim for relief.

### A.    Intelligibility Requirement for Stating a Claim for Relief

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). So, the complaint must contain "a short and plain statement showing that the pleader is entitled to relief" with allegations that are "simple, concise, and direct." *See* Fed. R. Civ. P. 8(a)(2) & (d)(1); *see also Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003) (requiring Rule 12(b)(6) to "be read in conjunction with Rule 8"). In particular, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). District courts may "*sua sponte* dismiss a complaint" that fails to "include a 'short and plain statement of the claim.'" *Long v. JP Morgan Chase Bank, Nat. Ass'n*, 848 F. Supp. 2d 1166, 1173 (D. Haw. 2012).

In his 642-page complaint, Beck alleges claims under the Americans with Disabilities Act, Unruh Civil Rights Act, and equitable indemnification against defendant Orange County Superior Court. (ECF 1.) Beyond its length, the complaint is unfocused and difficult to follow. As best the Court can tell, Beck alleges that he is "a qualified,

disabled individual" under the ADA because he has "mental impairments that substantially limit one or more major life activities." (ECF 1, at 2.) His claims of wrongdoing appear to center on the Orange County Superior Court's adverse rulings in two suits: *Justin S. Beck v. Catanzarite Law Corp., et al.*, No. 30-2020-01145998 and *Justin S. Beck v. State Bar of Cal., et al.*, No. 30-2021-01237499. (ECF 1, at 3, 12, 13, 15, 16.) Beck does not offer much detail on why these Superior Court rulings are actionable, but he criticizes that court for denying his "claims for money damages," "retaliating against" him for naming it "as an alleged RICO enterprise defendant" in another suit, denying his motions "without a hearing," "entering four orders compelling" him to respond to the defendant's written discovery requests, and ordering him to pay "sanctions" to the defendant. (*Id.*) Based on these actions, Beck contends that the Superior Court "repeatedly discriminates" against him "due to his disability," resulting in injury. (*Id.* at 15 & 19.) He does not provide more cognizable detail about these alleged wrongdoings or their link to his disability. Because the complaint is nearly impossible to follow and far from simple, concise, and direct, it warrants dismissal. *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (collecting cases upholding dismissals of pleadings that were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").

B.  *Younger* **Abstention**

To the extent this Court understands Beck's claims requesting injunctive and declaratory relief, they are also fatally flawed because this Court lacks subject-matter jurisdiction over them. Courts must sua sponte dismiss actions over which they lack subject-matter jurisdiction. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); Fed. R. Civ. P. 12(h)(3).

Federal courts must generally abstain from granting injunctive or declaratory relief that would directly interfere with pending state proceedings. *See Younger v. Harris*, 401 U.S. 37, 40–41 (1971); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987). In civil cases, "*Younger* abstention is appropriate only when the state proceedings: (1) are

ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).

Beck complains here that defendant is ruling against him in his state-court proceedings and asks this Court to stay those proceedings, enjoin defendant from enforcing its orders, and issue declaratory relief arising from defendant's rulings. (*See* ECF 1, at 3, 12, 13, 15, 16, 26.) The underlying allegations in this federal suit, then, arise from ongoing proceedings in the Orange County Superior Court. (*See id*; *see also* ECF 13-1, at 5–67.) This suit involves defendant's interest in enforcing its own orders on discovery, sanctions, and the like (*see* ECF 1, at 15–16), which further the regular management over its own proceedings, an important state interest. *See Pennzoil Co.*, 481 U.S. at 12–13 (noting that "[s]tates have important interests in administering certain aspects of their judicial systems," including "the regular operation of its judicial system"); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) ("Proceedings necessary" for "the functioning of the state judicial system also evidence the state's substantial interest in the litigation."). And despite Beck's conclusory allegations of bias or other wrongdoing, there is no good reason to think that Beck cannot raise any federal claim in the underlying proceedings, or in a petition for writ of mandate or appeal to the California Court of Appeal. *See id.* at 431 ("Minimal respect for state processes, of course, precludes any *presumption* that the state court will not safeguard federal constitutional rights."); *see also E.T. v. George*, 681 F. Supp. 2d 1151, 1178 (E.D. Cal. 2010) ("The party alleging bias must overcome a presumption of honesty and integrity in those serving as adjudicators. Where there is an absence of any personal or financial stake in the outcome sufficient to create a conflict of interest and where there is a lack of personal animosity towards the parties in the proceedings, the presumption is not overcome." (cleaned up)). The elements for *Younger* abstention, therefore, are met. So, this Court lacks subject-matter jurisdiction over plaintiff's claims for injunctive and declaratory relief and must dismiss them. Should

plaintiff file an amended complaint that successfully addresses the intelligibility and jurisdictional problems, the Court will screen the complaint to determine whether it states a claim at that time.

## C.  ADA and Damages Claims

The *Younger* doctrine does not "support the outright dismissal or remand of damages actions." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). And Beck also "seeks compensatory damages" under "ADA, Title II." (ECF 1, at 26.) So, the Court addresses Beck's ADA claims separately, to the extent the Court understands them.[2]

Beck's ADA Title II causes of action—denial of access (claim 1) and failure to accommodate (claim 2)—lack specificity, but they seem to recycle allegations that the state court improperly denied his requests to withhold discovery and to avoid discovery-related sanctions. (*See* ECF 1, at 15 & 19.) But this is merely another *Younger*-style attack on the validity of the state court's pretrial orders, masquerading as an ADA lawsuit. Beck's conclusory allegations don't plausibly meet the requirements for an ADA claim. *See Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (setting forth the elements of an ADA Title II violation).

Besides, only the individual judge presiding over his state-court proceedings can modify those orders, not the named defendant—the Orange County Superior Court, writ large. And even if Beck had sued the presiding jurist, that judge has absolute judicial immunity for any rulings against Beck. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (holding that judicial immunity is "an immunity from suit" and "not overcome by allegations of bad faith or malice"); *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) ("This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise

---

[2] The same analysis applies to Beck's Unruh Civil Rights Act claim (claim 3), as "a violation of the ADA is, *per se*, a violation of the Unruh Act." *See K.M. ex rel. Bright v. Tustin Unified School Dist.*, 725 F.3d 1088, 1094 n.1 (9th Cir. 2013).

of judicial authority is flawed by the commission of grave procedural errors." (cleaned up)). Thus, Beck's claims requesting damages are also dismissed without prejudice.

### D. Leave to Amend

Because it's conceivable that Beck may cure the complaint's deficiencies, the Court grants him leave to amend. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (holding that "leave to amend shall be freely given when justice so requires" (quotation marks omitted)).

## CONCLUSION

Thus, plaintiff's move to proceed in forma pauperis is **GRANTED**, but his complaint is **DISMISSED** with leave to amend. All other pending motions, including plaintiff's motion to appoint counsel (ECF 2) and defendant's motion to dismiss (ECF 13), are **DENIED AS MOOT**. The Clerk is directed to close this case.

By October 16, 2023, Beck may file an amended complaint. Any amended complaint must be complete, without reference to the original pleading, and any claims Beck fails to reallege may be waived. *See* CivLR 15.1(a); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend may be considered "waived" if not repled). The Clerk will postpone issuing a judgment until the deadline to amend passes without an amended complaint or until Beck affirmatively notifies the Court that he will not amend. If Beck files an amended complaint by the deadline, the Clerk will reopen this case.

Dated: September 13, 2023

Andrew G. Schopler
United States District Judge