UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Justin S. BECK,<br><br>                           Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE,<br><br>                          Defendant. | Case No.: 23-cv-0882-AGS-DDL<br><br>**ORDER:**<br><br>**(1) DISMISSING FIRST AMENDED COMPLAINT (ECF 17) WITH PREJUDICE;**<br><br>**(2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (ECF 18); AND**<br><br>**(3) CLOSING CASE** |

"Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (quotation marks omitted). Accordingly, plaintiff Justin Beck's complaint must be dismissed.

## BACKGROUND

Beck's first amended complaint, like the original complaint, is largely unintelligible. (*See* ECF 16, at 2) (finding Beck's complaint "unfocused and difficult to follow"). As far as the Court can tell, this case arises from a derivative shareholder action against Beck filed by defendant Kenneth Catanzarite as part of a "fraudulent scheme." (ECF 17, at 4.) Beck reported Catanzarite to the California State Bar (another defendant), but it declined to investigate because Catanzarite was allegedly "working together with the State Bar to defraud" Beck. (*Id.*) Beck then filed a Government Claims Act suit in Orange County Superior Court. Beck maintains that he was denied adequate relief, because the court is under the "corrupt control" of the State Bar "to obstruct claims and due process." (*Id.* at 4.)

Beck brings various federal antitrust and racketeering claims and requests millions in damages. (*See generally id.*) This action is the third of three pending in this Court, the first having been filed in 2022. *See Beck v. Catanzarite Law Corp.*, 22-cv-1616-AGS-DDL (S.D. Cal. 2022); *Beck v. California*, 23-cv-0164-AGS-DDL (S.D. Cal. 2023).

## DISCUSSION

District courts retain broad discretion to control their dockets and dismiss duplicative cases. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . the general principle is to avoid duplicative litigation."). A second suit is duplicative if it "involves (1) the same causes of action as the first; and (2) the same parties or their privies." *Mendoza*, 30 F.4th at 886. The second prong is easily satisfied, as the defendant in the instant action is also a defendant in the 2022 action. *Compare Beck v. Catanzarite Law Corp.*, 22-cv-1616-AGS-DDL (S.D. Cal. Feb. 27, 2022), ECF 37, *with* ECF 17. Thus, the first prong is dispositive.

In determining whether two suits involve the same causes of action, courts consider four factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Mendoza*, 30 F.4th at 887. The "most important" factor is the last. *Id*.

All these factors suggest that this case and its 2022 counterpart involve the same causes of action, even if they are somewhat differently titled. Take the most important factor—the "transactional nucleus of facts." While the 2022 complaint is just as opaque as the current one, both seem to arise from the same underlying concepts. The 2022 complaint charges Catanzarite with bringing a "false derivative action" and the State Bar with "conceal[ing] criminal conduct." (ECF 37, at 11, 13.) The 2022 complaint also includes narratives about the "Orange County Superior Court enterprise" and the "obstruct[ion]" of

Beck's "Government Claims Act litigation." (*Id.* at 44, 46.) Given that "core overlap," the other three factors are also satisfied: "the two suits involve 'infringement of the same right'"; "litigation of the suits would involve 'substantially the same evidence'"; and "continued litigation of a second suit could impair any 'rights or interests' that might be established in a judgment in the first." *Mendoza*, 30 F.4th at 887.

Consequently, Beck's first amended complaint is **DISMISSED WITH PREJUDICE** as duplicative. And defendant's motion to dismiss is **DENIED AS MOOT**. The Clerk is directed to close this case.

Dated: February 26, 2024

Andrew G. Schopler
United States District Judge